Eve J. Brown (SBN 247051)
Bricolage Law, LLC
563 Neponset Street
Norwood, MA 02062
(857) 245-5430
ejbrown@bricolagelaw.com

ATTORNEY FOR DEFENDANTS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>THUNDER BEAST, LLC and STEPHEN NORBERG,<br><br>        Defendants. | Case No.: 5:18-cv-01367-AB-AS<br><br>**DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Thunder Beast, LLC and Stephen Norberg ("Defendants") hereby answer

Plaintiff's complaint, and counterclaim for declaratory and injunctive relief, as follows.

## BACKGROUND

Plaintiff and Defendants have been embroiled in rigorous legal proceedings before the

United States Trademark Trial and Appeal Board since January 2016, to significant media

DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS DEMAND FOR JURY TRIAL - 1

fanfare.[1] The battle concerns Plaintiff's objection to Defendants' use of the mark THUNDER BEAST in connection with Defendants' craft root beer. *See* Exhibit A for the full docket history of the parties' lengthy legal proceedings before the TTAB, and Exhibit B for copies of the parties' final trial briefs in the TTAB action.[2]

Discovery has long since closed in the TTAB case, thousands of documents have been exchanged and reviewed by the parties, depositions have been taken and defended, witnesses have testified, voluminous evidence has been gathered and submitted, and arguments have been presented. Yet, in all the years of litigation between these parties, there is **not a single shred of evidence of confusion, wrongdoing, or harm caused by Defendants to Plaintiff**.

After such extensive investigation and adjudication, Plaintiff is well aware that its allegations against Defendants are bogus. Plaintiff's motives in bringing this lawsuit constitute desperate dilatory tactics at best, and overt forum shopping, misuse of legal proceedings, and abuse of process at worst. Plaintiff's bad faith gamesmanship should not be tolerated.

---

[1] *See, e.g*, Steve Birr, *Monster Energy Tries to Crush Small Business Brewery In DC*, The Daily Caller, 2016, http://dailycaller.com/2016/03/12/monster-energy-tries-to-crush-small-business-brewery-in-dc/ (last visited Aug 8, 2018); Evan Allgood, *Monster Energy: The World's Biggest Bully When It Comes to Small Businesses,* EnergyDrinksLawsuit.com (2016), https://www.energydrinkslawsuit.com/monster-energy-worlds-biggest-bully/ (last visited Aug 8, 2018); Timothy Geigner, *Monster Energy Attempts to Run from Laughable Trademark Spat It Started with Thunder Beast Root Beer,* Techdirt. (2017), https://www.techdirt.com/articles/20170329/09452237034/monster-energy-attempts-to-run-laughable-trademark-spat-it-started-with-thunder-beast-root-beer.shtml (last visited Aug 8, 2018); Julie Strupp, *A Tiny DC Soda Company Is Taking on Monster Energy*, Washingtonian (2017), https://www.washingtonian.com/2017/03/28/tiny-dc-soda-company-taking-monster-energy (last visited Aug 8, 2018); Martín Caballero, *In the Courtroom: Craft Root Beer Maker Battles Monster*, BevNET.com(2017), https://www.bevnet.com/news/2017/courtroom-craft-root-beer-maker-battles-monster (last visited Aug 8, 2018).

[2] Chambers' copies of all exhibits were hand delivered to the Hon. André Birotte Jr. on August 8, 2018, together with Defendants' original Answer. Because the exhibits are voluminous, Defendants have not delivered duplicate hard copies to chambers with this Amended Answer. Should the Court wish to receive a second set of hard copy exhibits, Defendants will deliver the same immediately upon request. All exhibits are identical to those served with the original Answer

DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS DEMAND FOR JURY TRIAL - 2

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants substantively respond to Plaintiff's complaint for trademark infringement, false designation of origin, unfair competition, and cancellation of trademark registration as follows:

### I. THE PARTIES

1.      Admitted.

2.      Defendant Thunder Beast, LLC is a single-member limited liability company organized and existing under the laws of the District of Columbia and having a registered principal place of business at 712 H Street NE, Suite 1261, Washington, DC 20002.

3.      Defendant Stephen Norberg is an individual residing in Austin, Texas, and is the sole owner and sole officer of Defendant Thunder Beast, LLC.

### II. JURISDICTION AND VENUE

4.      Admitted that Plaintiff has brought an action against Defendants that is based on the claims listed in Paragraph 4 of its complaint.

5.      Admitted.

6.      Denied. Thunder Beast, LLC has had no meaningful or intentional contact with this Judicial District, has made *de minimis*, if any, sales to this District, maintains no offices or stores in this District, employs no employees in this District, targets no consumers in this District, and does not use, advertise, market, or promote its products in this District.

7.      Denied. Stephen Norberg is a resident of Austin, Texas. Prior to relocating to Texas, Mr. Norberg resided in Washington, DC, Massachusetts, and Missouri. Mr. Norberg has never resided in, done business in, nor had any meaningful or intentional contacts with this District.

DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS DEMAND FOR JURY TRIAL - 3

8.      Denied.

9.      Denied.  None of the transactions, occurrences, events, or omissions complained of by Plaintiff took place in this Judicial District. Defendants are a micro-business and its sole owner, and Defendants' business is based exclusively and entirely outside of this District.

### III. COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

A.      <u>Plaintiff's Trademarks</u>

10.     Denied.

11.     Defendants deny that Plaintiff's MONSTER ENERGY and UNLEAST THE BEAST! marks are famous. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11, and on that basis deny them.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and on that basis deny them.

13.     Defendants admit that the chart in Paragraph 13 of Plaintiff's complaint lists various trademark registrations. Defendants lack knowledge or information sufficient to form a belief about whether those registrations are owned by Plaintiff or are valid and subsisting, and on that basis deny the remainder of the allegations in Paragraph 13.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and on that basis deny them.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and on that basis deny them.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and on that basis deny them.

17.     Defendants admit that the chart in Paragraph 17 of Plaintiff's complaint lists various trademark registrations. Defendants lack knowledge or information sufficient to form a belief about whether those registrations are owned by Plaintiff or are valid and subsisting, and on that basis deny the remainder of the allegations in Paragraph 17.

18.     Defendants admit that Exhibits B1-B9 appear to be copies of trademark registrations. Defendants lack knowledge or information sufficient to form a belief about whether those registrations are owned by Plaintiff or are valid and subsisting, and on that basis deny the remainder of the allegations in Paragraph 18.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and on that basis deny them.

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and on that basis deny them.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and on that basis deny them.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, and on that basis deny them.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, and on that basis deny them.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and on that basis deny them.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and on that basis deny them.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and on that basis deny them.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and on that basis deny them.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and on that basis deny them.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and on that basis deny them.

B.     Defendant's Activities

30.     Admitted.

31.     Admitted, except to the extent that Plaintiff characterizes any of Defendants' activities as wrongful.

32.     Admitted.

33.     Admitted.

34.     Admitted, although it is Defendants' belief that these limited customers were all officers or agents of Plaintiff, and that said products were purchased by Plaintiff or Plaintiff's counsel in direct connection with this lawsuit.

35.     Admitted.

36.     Admitted.

37.     Admitted. More specifically, proceedings in Cancellation No. 92063037 before the Trademark Trial and Appeal Board are now nearing final resolution, as discovery has closed, and trial briefs have been submitted. *See* Exhibit A for a current printout of the docket for Cancellation No. 92063037.

DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS DEMAND FOR JURY TRIAL - 6

38.     Denied.

39.     Admitted, except to the extent that Plaintiff alleges that Defendants required Plaintiff's permission, or that Defendants engaged in wrongful activity.

40.     Denied as written. Admitted that Defendants launched a new label that refers to the legal battle initiated by Plaintiff, and that the new label emboldens Defendants' customers to "fight monsters," or, in this instance, to defend themselves against bullying tactics such as those employed by Plaintiff. Also admitted that Defendants were aware of Plaintiff's rights when it launched its new label, with the clarification that the scope of Plaintiff's rights is significantly smaller than Plaintiff boasts, and that Defendants did not infringe upon any of said rights.

41.     Admitted that Defendants have referred to Plaintiff in the context of commenting on the long-fought legal battle between Plaintiff and Defendants and criticizing Plaintiff's lack of ethical scruples. Denied that Defendants have used any of Plaintiff's marks as trademarks or in a confusing or infringing manner. To the contrary, Defendants have used Plaintiff's marks to specifically call out or identify Plaintiff and to report upon Plaintiff's malfeasance.

42.     Admitted. At no time did Defendants need or require Plaintiff's license, permission, or authority to engage in any of Defendants' activities.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied to the extent that Plaintiff refers to Defendants' acts as wrongful.

48.     Denied.

49.     Denied.

DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS DEMAND FOR JURY TRIAL - 7

## IV. PLAINTIFF'S FIRST CLAIM FOR RELIEF

50.     No response is required to the statement in Paragraph 50.

51.     Admitted that Plaintiff has brought this action based on the claims cited by Plaintiff in Paragraph 51. Denied as to the truth or validity of Plaintiff's claims.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

## V. PLAINTIFF'S SECOND CLAIM FOR RELIEF

59.     No response is required to the statement in Paragraph 59.

60.     Admitted that Plaintiff has brought this action based on the claim cited by Plaintiff in Paragraph 60. Denied as to the truth or validity of Plaintiff's claim.

61.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61, and on that basis deny them.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS DEMAND FOR JURY TRIAL - 8

## VI. PLAINTIFF'S THIRD CLAIM FOR RELIEF

67.     No response is required to the statement in Paragraph 67.

68.     Admitted that Plaintiff has brought this action based on the claim cited by Plaintiff in Paragraph 68. Denied as to the truth or validity of Plaintiff's claim.

69.     Denied.

70.     Denied.

71.     Denied.

## VII. PLAINTIFF'S FOURT CLAIM FOR RELIEF

72.     No response is required to the statement in Paragraph 72.

73.     Admitted that Plaintiff has brought this action based on the claim cited by Plaintiff in Paragraph 73. Denied as to the truth or validity of Plaintiff's claim.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

## VIII. PLAINTIFF'S FIFTH CLAIM FOR RELIEF

79.     No response is required to the statement in Paragraph 79.

80.     Admitted that Plaintiff has brought this action based on the claim cited by Plaintiff in Paragraph 80. Denied as to the truth or validity of Plaintiff's claim.

81.     Denied.

82.     Denied.

83.     Denied.

DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS DEMAND FOR JURY TRIAL - 9

## **AFFIRMATIVE DEFENSES**

### **I. STATUTE OF LIMITATIONS**

Plaintiff's claim accrued more than four years prior to the commencement of this action. This action is, therefore, barred by the applicable four-year statute of limitations for federal and California trademark infringement actions. Miller v. Glenn Miller Productions, 318 F. Supp. 2d 923, 942 n. 11 (C.D. Cal. 2004).

### **II. LACHES**

Plaintiff's claims are barred by the doctrine of laches and Plaintiff's undue delay in bringing this suit six years after Defendants' first use of Defendants' mark.

### **III. LACK OF HARM OR INJURY**

Plaintiff's claims are barred because Plaintiff has not sustained any damages and has suffered no harm caused by Defendants.

### **IV. TRADEMARK MISUSE**

Plaintiff's claims are barred by the doctrine of trademark misuse, because Plaintiff has asserted its trademarks against Defendants for the improper purposes of unfair competition, financial oppression, and delay, knowing that Defendants have not infringed Plaintiff's rights.

### **V. UNCLEAN HANDS**

Plaintiff's claims are barred by the doctrine of unclean hands, based on its actions as set forth in the counterclaims below.

### **VI. FAIR USE**

Any use by Defendants of trademarks owned by Plaintiff was fair use made for comment and criticism, and not trademark use.

Defendants reserve the right to raise additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein of which it may become aware through discovery or otherwise.

**WHEREFORE**, Defendants demand that Plaintiff's complaint be dismissed, with prejudice, in its entirety, and that Defendants be granted their attorneys' fees and costs of suit.

## <u>COUNTERCLAIMS</u>

Defendants/Counterclaim Plaintiffs Thunder Beast, LLC and Stephen Norberg, by and through undersigned counsel, allege the following against Monster Energy Company.

## I. THE PARTIES

1.      Monster Energy Company ("MEC") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Monster Way, Corona, California 92879.

2.      Thunder Beast, LLC is a single-member limited liability company organized and existing under the laws of the District of Columbia and having a registered principal place of business at 712 H Street NE, Suite 1261, Washington, DC 20002. Stephen Norberg, an individual, is Thunder Beast, LLC's founder, owner, and sole member. Collectively, Thunder Beast, LLC and Stephen Norberg shall be known as "Thunder Beast."

## II. JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, in that this case arises under the trademark laws of the United States and on the Federal Declaratory Judgment Act.

DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS DEMAND FOR JURY TRIAL - 11

4.      This Court has supplemental jurisdiction over this action based on 28 U.S.C § 1367(a), because all state law claims are so related to the federal issues that they form part of the same case or controversy.

5.      Personal jurisdiction over MEC is vested in this Court because the claims alleged arise from acts and conduct by MEC, a California resident, and because Monster Energy has availed itself of California law.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1121(b) and (c), because a substantial portion of the harm sought to be avoided, and a substantial part of the events and omissions that give rise to the counterclaims herein are occurring in this District.

### III. FACTS

7.      Thunder Beast root beer was conceived by Stephen Norberg in his dormitory at Harvard University, as an alternative to alcoholic beverages.[3] Mr. Norberg is a lifelong root beer aficionado, who taught himself to brew his own craft root beer. Ultimately, Mr. Norberg turned his hobby into a successful entrepreneurial venture, officially launching Thunder Beast, LLC in 2013.

8.      Since launching, Mr. Norberg has developed a thriving business by creating, brewing, and selling artisanal flavored root beer to high-end gourmet food and beverage enthusiasts at upscale farmer's markets, gourmet food festivals, and in local health food stores.

---

[3] For a complete history of Thunder Beast, as well as further insight into the underlying facts of this case, see Exhibit C, the discovery deposition transcript of Stephen Norberg in TTAB Cancellation No. 92063037, involving the same parties and trademarks as the instant action.

DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS DEMAND FOR JURY TRIAL - 12

9.      Mr. Norberg is, and has always been, Thunder Beast, LLC's sole owner and employee, developing his small batch brews on his own or with the culinary input of his wife.

10.      Mr. Norberg chose the "Thunder Beast" name for his brand because, as the Native American term for the bison (the United States' first national mammal), the mark evokes the kind of American symbolism, grandeur, and nostalgia that are the hallmarks of Registrant's traditional American root beer. *See* https://www.doi.gov/blog/15-facts-about-our-national-mammal-american-bison. The name further serves as a fitting source identifier for Defendants' root beer because, like the bison, root beer is native to America, due to its main ingredient, sassafras, growing exclusively within the United States.

11.      In November 2014, Mr. Norberg applied to register the THUNDER BEAST mark. The application (Serial No. 86459276), based on Section 1(a) of the Trademark Act, claimed first use of the mark in April 2012, and first use in commerce in September 2013, in connection with "Non-alcoholic beverages, namely, carbonated beverages." Published on April 28, 2015, the application encountered no opposition, and matured into Registration No. 4772758 on July 14, 2015.

12.      On January 27, 2016, six months after the registration issued, and three years after Thunder Beast's date of first use, MEC, through the same counsel representing it in the instant action, petitioned the United States Patent and Trademark Office to cancel Thunder Beast's registration on the grounds of priority of use and likelihood of confusion. The TTAB proceeding remains pending, though discovery in that case has already closed and final trial briefs have already been submitted.

13.      Unlike Thunder Beast, MEC is a multinational, publicly traded corporation. Its self-described primary market is adult males who enjoy aggressive sports, women, partying, and

DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS DEMAND FOR JURY TRIAL - 13

extreme sports. *See* deposition transcript of MEC's CEO, Rodney Sacks, from TTAB

Cancellation No. 92063037, a redacted version of which is attached hereto as <u>Exhibit D</u>.

14.     Consistent with its aggressive persona, MEC is widely known as a prodigious

enforcer of its trademarks, and has been named the 2012, 2013, 2014, 2015, 2016, and 2017

"Trademark Bully of the Year." *See* <u>https://www.trademarkia.com/opposition/opposition-</u>

<u>brand.aspx</u> (last visited July 30, 2018); *see also* Leah Chan Grinvald, *Shaming Trademark*

*Bullies*, 2011 WIS. L. REV. 625 (2011) (using MEC's predecessor, Hansen Beverage, as the

epitome of a trademark bully); Sara Marie Andrzejewski, *Leave Little Guys Alone: Protecting*

*Small Businesses from Overly Litigious Corporations and Trademark Infringement Suits,* 19 J.

INTELL. PROP. L. 117 (2011-2012) (referencing Plaintiff as an example of an overly litigious

corporation); Jason Vogel & Jeremy A. Schachter, *How Ethics Rules Can Be Used to Address*

*Trademark Bullying,* 103 TRADEMARK REP. 503 (2013) (stating that Plaintiff's trademark

bullying served as the actual catalyst for Senator Patrick Leahy to include a trademark bullying

study in the Trademark Technical and Conforming Amendment Act of 2010, which examined

the negative impact of such behaviors on small businesses and on the U.S. economy).

15.     The only commonality between MEC's and Thunder Beast's marks is the generic

word "beast," which each incorporates into its marks in easily distinguishable ways, and to

which neither party owns exclusive rights.  Nevertheless, and despite a dearth of evidence or

legal support, MEC has now brought two different actions against Thunder Beast, of which the

instant action is the most recent.

# FIRST CAUSE OF ACTION

## *Declaratory Judgment of Non-Infringement*

### *(28 U.S.C. 2201)*

16.     By reason of MEC's efforts to prevent Thunder Beast from using the word BEAST, filing a federal lawsuit against Thunder Beast, and petitioning the United States Patent and Trademark Office to cancel Thunder Beast's trademark registration, there now exists between the parties an actual and justiciable controversy concerning whether Thunder Beast has infringed any alleged rights of MEC, requiring declaratory relief.

17.     A declaration is necessary and appropriate to affirm Thunder Beast's right to use its THUNDER BEAST mark, and to bar MEC from asserting that it has the right to prevent Thunder Beast and third parties from using the generic word "beast" to identify goods and services.

18.     While MEC owns valid trademarks for UNLEASH THE BEAST! and certain variations thereof, to the extent MEC has any trademark rights in the generic "beast" portion of its marks, such rights are extremely narrow and do not bar third parties from using "beast" in commerce in the absence of any likelihood of confusion or mistake.

19.     There is no likelihood of confusion or mistake between Thunder Beast's use of THUNDER BEAST and MEC's use of its UNLEASH THE BEAST! marks.

20.     Thunder Beast has no adequate remedy at law.

21.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Thunder Beast seeks a judgment from this Court that Thunder Beast's use of THUNDER BEAST has not infringed, and does not infringe, under federal, state, or other law, any of MEC's rights.

DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS DEMAND FOR JURY TRIAL - 15

22.     In addition, Thunder Beast seeks a declaration from this Court that Thunder Beast's non-trademark use of MEC's name and trademark for the purpose of comment and criticism is fair use and does not infringe any federal, state, or other right of MEC.

## SECOND CAUSE OF ACTION

### *State Law Unfair Competition*

### *(California Business and Professions Code 17200)*

23.     The purpose of MEC's complaint was to financially cripple Thunder Beast, and not to enforce its trademarks or any of the other supposed rights set forth in the complaint.

24.     MEC's secondary purpose in filing its complaint was to prevent or delay a judgment from being entered against it in TTAB Cancellation No. 92063037, by filing an eleventh-hour federal complaint covering the same parties, issues, and claims and then motioning to suspend the nearly resolved TTAB case, thereby avoiding an imminent judgment on the merits. *See* MEC's Motion to Suspend TTAB Proceedings, attached as Exhibit E.

25.     MEC knows that its claims against Thunder Beast are without merit.

26.     MEC's claims against Thunder Beast are false, are known by MEC to be false, and were brought by MEC in bad faith, in order to deprive Thunder Beast of Thunder Beast's right to engage in lawful business activities.

27.     MEC has invoked spurious claims under the Lanham Act and state law in an attempt to obtain monopolistic rights and business advantages beyond the scope of what is afforded or permitted by law.

28.     MEC's actions constitute unfair business practices under federal and state law.

29.     MEC's actions are unlawful, unfair, wrongful, malicious, and fraudulent, in that they constitute misuse of federal and state law, the making of frivolous claims, trademark

misuse, abuse of process, tortious interference with economic advantage, misrepresentation, and other forms of unfair competition, all in order to secure business assets belonging to Thunder Beast.

30.    Thunder Beast has suffered and will continue to suffer economic harm from MEC's actions.

## PRAYER FOR RELIEF

**WHEREFORE,** Thunder Beast prays that this Court:

1.    Grant judgment in Thunder Beast's favor on all claims asserted by MEC;

2.    Declare that Thunder Beast's use of its THUNDER BEAST word mark and design are not likely to cause confusion with, and do not infringe any trademark or other right held by MEC;

3.    Declare that Thunder Beast's non-trademark use of MEC's name and mark is fair use and does not infringe any trademark or other right held by MEC;

4.    Declare that Thunder Beast is entitled to maintain U.S. Trademark Registration No. 4772758 on the Principal Register of the United States Patent and Trademark Office;

5.    Declare that Thunder Beast's actions have caused no harm or injury to MEC;

6.    Enjoin MEC, its officers, directors, servants, employees, attorneys, agents, representatives, and all persons acting in concert or participation with MEC, from interfering with Thunder Beast's use of Thunder Beast's marks;

7.    Order MEC to pay over to Thunder Beast all damages that Thunder Beast has sustained as a consequence of the acts complained of herein, together with prejudgment and post-judgment interest;

8.       Order MEC to reimburse Thunder Beast for its costs and attorneys' fees incurred in this action in accordance with 15 U.S.C. § 1117; and

9.       Grant such other relief as the Court deems just and proper.

**JURY DEMAND**

Thunder Beast hereby demands a jury trial on all issues raised in this action so triable.

Dated: August 20, 2018                        /s/ Eve J. Brown
                                              Eve J. Brown
                                              BRICOLAGE LAW, LLC
                                              Tel.  (857) 245-5430
                                              Email:  ejbrown@bricolagelaw.com
                                              Web: bricolagelaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on [date], I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following attorneys of record at their e-mail addresses on file with the Court:

Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Matthew S. Bellinger (SBN 222228)
matt.bellinger@knobbe.com
Daniel C. Kiang (SBN 307961)
daniel.kiang@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Dated: August 20, 2018

/s/ Eve J. Brown
Eve J. Brown
BRICOLAGE LAW, LLC
Tel.  (857) 245-5430
Email:  ejbrown@bricolagelaw.com
Web: bricolagelaw.com

DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS DEMAND FOR JURY TRIAL - 19