Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Matthew S. Bellinger (SBN 222228)
matt.bellinger@knobbe.com
Daniel C. Kiang (SBN 307961)
daniel.kiang@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THUNDER BEAST LLC, a District of Columbia limited liability company, and<br><br>STEPHEN NORBERG, an individual,<br><br>Defendants. | Case No. 5:18-cv-01367-AB-AS<br><br>**PLAINTIFF MONSTER ENERGY COMPANY'S REPLY IN SUPPORT OF ITS ANTI-SLAPP MOTION TO STRIKE DEFENDANTS' COUNTERCLAIM PURSUANT TO CAL. CIV. PROC. CODE § 425.16, MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES, AND MOTION FOR ATTORNEYS' FEES**<br><br>Date:      October 19, 2018<br>Time:      10:00 a.m.<br>Ctrm:      7B<br><br>Hon. André Birotte Jr. |

# TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ................................................................................ 1

II.   THE COURT SHOULD DISMISS DEFENDANTS'
      UNFAIR COMPETITION CLAIM PURSUANT TO
      CALIFORNIA'S ANTI-SLAPP STATUTE ........................................ 2

      A.    Defendants Misunderstand The Nature Of The Anti-
            SLAPP Statute ........................................................................ 2

      B.    Defendants Failed To Establish That Their Unfair
            Competition Counterclaim Did Not Arise From A
            Protected Activity ................................................................... 2

      C.    Defendants Woefully Failed To Meet Their Evidentiary
            Burden To Establish That Their Unfair Competition
            Counterclaim Has Even Minimal Merit................................... 3

      D.    Defendants' Counterclaim Is Also Barred By The
            Litigation Privilege ................................................................. 5

      E.    The Cases Cited By Defendants Provide No Support
            For Their Counterclaim............................................................ 6

III.  THE UNCLEAN HANDS AND TRADEMARK MISUSE
      DEFENSES SHOULD BE STRICKEN ............................................ 8

      A.    Defendants Have Not Pled And Cannot Plead A
            Specific Intent To Deceive Customers .................................... 8

      B.    The Defenses Are Barred By The *Noerr / Pennington*
            Doctrine.................................................................................. 10

IV.   MONSTER IS ENTITLED TO AN AWARD OF
      ATTORNEYS' FEES INCURRED IN CONNECTION
      WITH THE ANTI-SLAPP PORTION OF THIS MOTION ................ 11

V.    CONCLUSION ................................................................................ 12

# TABLE OF AUTHORITIES

**Page No(s).**

*Action Apartment Ass'n Inc. v. City of Santa Monica*,
    41 Cal. 4th 1232 (2007) .................................................................. 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................... 2, 9

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................... 2, 9

*Chavez v. Mendoza*,
    94 Cal. App. 4th 1083 (2001) ........................................................ 3

*Clipper Express v. Rocky Mountain Motor Tariff Bureau*,
    690 F.2d 1240 (9th Cir. 1982) ...................................................... 7

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*,
    47 Cal. App. 4th 777 (1996) ........................................................ 5

*Graham-Sult v. Clainos*,
    756 F.3d 724 (9th Cir. 2014) ........................................................ 5

*HMS Capital v. Lawyers Title Co.*,
    118 Cal. App. 4th 204 (2004) ................................................. 3, 4, 7

*Jarrow Formulas, Inc. v. LaMarche*,
    31 Cal. 4th 728 (2003) ................................................................. 8

*Kashian v. Harriman*,
    98 Cal. App. 4th 892 (2002) ...................................................... 5, 7

*Ketchum v. Moses*,
    24 Cal.4th 1122 (2001) ............................................................... 11

*LaMaur, Inc. v. Alberto-Culver Co.*,
    179 U.S.P.Q. 607, 1973 WL 917 (D. Minn. 1973),
    *aff'd*, 496 F.2d 618 (8th Cir. 1974) .............................................. 8

1
2
3

# TABLE OF AUTHORITIES
## (*cont'd*)

Page No(s).

*Monster Energy Co. v. Integrated Supply Network LLC*,
  No. CV-17-548-CBM-RAO, 2018 WL 3357532
  (C.D. Cal. June 4, 2018) ................................................................................ 8

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
  190 F.3d 963 (9th Cir. 1999) ......................................................................... 2

*In re Oliver*,
  682 F.2d 443 (3d Cir. 1982) ........................................................................... 6

*Pfeiffer Venice Properties v. Bernard*,
  101 Cal. App. 4th 211 (2002) ...................................................................... 11

*Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*,
  508 U.S. 49 (1993) ...................................................................................... 10

*Puritan Sportswear v. Shure*,
  307 F. Supp. 377 (W.D. Pa. 1969) ................................................................ 8

*Ringgold-Lockhart v. County of Los Angeles*,
  761 F.3d 1057 (9th Cir. 2014) ....................................................................... 6

*Rohde v. Wolfe*,
  154 Cal. App. 4th 28 (2007) .......................................................................... 5

*Silberg v. Anderson*,
  50 Cal.3d 205 (1990) ..................................................................................... 6

*Vogel v. Huntington Oaks Delaware Partners*,
  291 F.R.D. 438 (C.D. Cal. 2013) .............................................................. 9, 10

*Wood v. Santa Barbara Chamber of Commerce*,
  705 F.2d 1515 (9th Cir. 1983) ....................................................................... 7

## OTHER AUTHORITIES

California Civil Code § 47 .................................................................................... 5

-iii-

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

California Code of Civil Proceedure. § 425.16 .............................................. 2, 11

Federal Rules of Civil Procedure Rule 8 .............................................................. 2

Federal Rules of Civil Procedure Rule 12 .................................................... 1, 2, 3

# I. **INTRODUCTION**

Defendants' Opposition is full of sound and fury, but amounts to nothing. On Monster's special motion to strike under California's Anti-SLAPP statute, having established that the challenged counterclaim arose from the protected activity of filing this lawsuit, the burden shifted to Defendants to come forward with admissible evidence to establish a prima facie case that their unfair competition counterclaim has merit. Defendants, however, submitted no evidence at all to establish that their counterclaim has merit. Instead, they rely entirely upon unsupported and unsupportable attorney argument. On this motion, that is plainly not enough. For this reason alone, Defendants' unfair competition counterclaim should be dismissed, and Monster should be awarded its attorneys' fees as required by the Anti-SLAPP statute and judicial precedent.

In addition to a lack of evidence, Defendants' counterclaim is devoid of merit as a matter of law because they have not and cannot overcome California's litigation privilege. Defendants argue that the privilege should not be applied because Monster supposedly filed this suit in bad faith – an allegation for which Defendants have no evidentiary support. However, even crediting this unsupported libel, the litigation privilege still applies. Under California law, the litigation privilege is absolute, and it applies regardless of any claim, or even any proof, of bad intent on the part of the plaintiff. For this reason as well, Defendants' unfair competition counterclaim should be dismissed under California's Anti-SLAPP statute, and Monster should be awarded its attorneys' fees incurred on this portion of its motion.

Finally, Defendants' affirmative defenses of unclean hands and trademark misuse also should be dismissed under Monster's Rule 12(f) portion of its motion because the defenses fail as a matter of law for two independent reasons. First, Defendants failed to plead an essential element of these defenses – that Monster's use of its trademarks has somehow deceived consumers – and

Defendants do not contend otherwise in their opposition.   Second, these defenses are barred by the *Noerr / Pennington* doctrine, and Defendants have failed to plead facts which could plausibly take their defenses outside the reach of that doctrine.

## II.  THE COURT SHOULD DISMISS DEFENDANTS' UNFAIR COMPETITION CLAIM PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE

### A.  Defendants Misunderstand The Nature Of The Anti-SLAPP Statute

Monster challenged Defendants' unfair competition counterclaim pursuant to a special motion to strike under California's Anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, made applicable in federal court by *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970-73 (9th Cir. 1999).   Defendants fundamentally misunderstand the nature of an Anti-SLAPP motion.   This motion does not challenge the sufficiency of Defendants' counterclaim under Rules 8 and 12 of the Federal Rules of Civil Procedure or the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).   Thus, Defendants' entire discussion of the sufficiency of its pleading under these standards is irrelevant. *See* Opp'n at 10-12.

### B.  Defendants Failed To Establish That Their Unfair Competition Counterclaim Did Not Arise From A Protected Activity

Defendants do not dispute that their unfair competition counterclaim arises from, and is based entirely upon, Monster's filing of this lawsuit.   In fact, Defendants embrace this fact and yet incongruously contend that their unfair competition counterclaim did not arise from "protected activity," and thus the Anti-SLAPP statute is entirely inapplicable.   Opp'n at 13.   According to Defendants, Monster's "extraordinarily egregious pattern of litigation misuse, frivolous claims, and bad faith practices do not fall under the umbrella of

'protected' speech or petitioning." *Id.* Putting aside the fact that Defendants have failed to support any of these false and scurrilous allegations with any evidence, even assuming such allegations were true (they are not), they would be irrelevant.

As Monster explained in its moving papers, it is settled law that the act of filing a lawsuit is unquestionably a protected petitioning activity within the meaning of the California Anti-SLAPP statute. *Chavez v. Mendoza*, 94 Cal. App. 4th 1083, 1087 (2001). This is true even if the lawsuit is proven to lack merit. *Id.* at 1088-90. Defendants cite no contrary authority, nor any authority creating an exception for complaints that allegedly were filed in bad faith. Any such exception would quickly swallow the rule, as a mere allegation of bad faith would take the filing of any complaint outside the protections of the Anti-SLAPP statute. Accordingly, Monster's filing of the present action falls squarely within the protections of the Anti-SLAPP statute, and the burden is on Defendants to present prima facie evidence that their unfair competition claim has merit.

C.   **Defendants Woefully Failed To Meet Their Evidentiary Burden To Establish That Their Unfair Competition Counterclaim Has Even Minimal Merit**

Unlike Rule 12 motions, Anti-SLAPP motions require the non-moving parties to submit **evidence** supporting their claims. "In opposing an anti-SLAPP motion, the plaintiff cannot rely on the allegations of the complaint, **but must produce evidence that would be admissible at trial**." *HMS Capital v. Lawyers Title Co.*, 118 Cal. App. 4th 204, 212 (2004) (emphasis added).

Defendants' Opposition, however, is devoid of any evidence whatsoever. Indeed, despite claiming to "have ample factual support and evidence" for their counterclaim, Opp'n at 1, Defendants have not submitted even a single declaration or exhibit in support of the allegations in their counterclaim. In

-3-

particular, Defendants have not submitted any evidence to support their allegations that Monster's Complaint is meritless or that Monster filed the present Complaint in bad faith.   *See* Dkt. No. 21 ¶¶ 23, 25, 26.   These allegations are the sole basis for the unfair competition counterclaim, but they are wholly unsupported by evidence.

Instead, Defendants rely entirely upon unsupported invective after invective, hurled at Monster and its claims.   Without a shred of evidentiary support, Defendants accuse Monster of filing over 1,000 frivolous proceedings in the Patent and Trademark Office (PTO), Opp'n at 2, 8, 12 n.3, and having "a clear pattern of leveraging abusive litigation tactics to financially exhaust others." *Id*. at 8.   These allegations have no place on this Anti-SLAPP motion. Such allegations are not presumed true, as Defendants seem to believe.   Rather, these allegations and arguments are to be ignored unless supported by evidence because Defendants bear the burden of presenting a prima facie case through admissible evidence. *HMS Capital*, 118 Cal. App. 4th at 212.   Defendants have submitted no evidence and plainly have not met this burden.   In fact, Defendants have not attempted to establish that even a single filing by Monster lacked merit (beyond hyperbolically yelling into the void that they all do) let alone that Monster's Complaint in this action was filed in bad faith or for any ulterior motives.

Defendants also argue that the "public notoriety" of Monster for enforcing its trademark rights somehow "provide[s] significant grounds for Defendants' claim." Opp'n at 12.   This assertion is absurd.   Long gone are the medieval days when a party could support a claim with nothing but rumor and innuendo.   Defendants have the burden of supporting their counterclaim with actual admissible evidence, *HMS Capital*, 118 Cal. App. 4th at 212, and they have failed to do so.   The articles which they cite are plainly hearsay, and not admissible evidence.

-4-

**D.** **Defendants' Counterclaim Is Also Barred By The Litigation Privilege**

In addition to a lack of evidence, Defendants' unfair competition counterclaim cannot survive this Anti-SLAPP motion for a second reason: Defendants have failed to overcome the litigation privilege of Cal. Civ. Code § 47(b), as required by clear precedent. *Graham-Sult v. Clainos*, 756 F.3d 724, 741 (9th Cir. 2014); *Rohde v. Wolfe*, 154 Cal. App. 4th 28, 38 (2007); *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 784-85 (1996).

Defendants assert that the litigation privilege is inapplicable because Monster allegedly filed the present trademark infringement action to harm Defendants, rather than to achieve legitimate litigation ends. Opp'n at 14-15. Defendants, of course, submit no supporting evidence. Regardless, Defendants attempt to rely on this unsupported argument to skirt the litigation privilege fails as a matter of law.

"The litigation privilege is absolute; it applies, if at all, regardless whether the communication was made with malice or the intent to harm. Put another way, application of the privilege does not depend on the publisher's 'motives, morals, ethics, or intent.'" *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913 (2002). "Any doubt about whether the privilege applies is resolved in favor of applying it." *Id.* Thus, even if Defendants submitted evidence of some sort of ill will by Monster, it would be legally irrelevant. Defendants, once again, cite no contrary cases.

Defendants similarly argue the litigation privilege is inapplicable because Monster's Complaint in this case was not filed "to achieve the objects of the litigation," but was instead allegedly filed for ulterior purposes. Opp'n at 14. The California Supreme Court has squarely rejected this argument as well:

> The requirement that the communication be in furtherance of the objects of the litigation is, in essence, simply part of the

-5-

requirement that the communication be connected with, or have some logical relation to, the action, i.e., that it not be extraneous to the action.  A good example of an application of the principle is found in the cases holding that a statement made in a judicial proceeding is not privileged unless it has some reasonable relevancy to the subject matter of the action.  The "furtherance" requirement was never intended as a test of a participant's motives, morals, ethics or intent.

*Silberg v. Anderson*, 50 Cal.3d 205, 219-20 (1990) (citations omitted).  Here, Monster's Complaint by definition has a direct and logical relationship to this lawsuit and thus was filed "in furtherance of the objects of the litigation."  *Id*. Indeed, Defendants have failed to cite a single case holding that the filing of a complaint is not protected by the litigation privilege.

**E.**      **The Cases Cited By Defendants Provide No Support For Their Counterclaim**

Defendants haphazardly cite numerous cases in an effort to salvage their unfair competition counterclaim.  Most of the cases are miscited, and none of them even remotely suggest that Defendants' counterclaim can survive this Anti-SLAPP motion or the litigation privilege.

For example, Defendants cite *In re Oliver*, 682 F.2d 443 (3d Cir. 1982), and *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057 (9th Cir. 2014), to support their assertion that the number of PTO proceedings Monster has filed somehow suggests that Monster's Anti-SLAPP motion should be denied.  *See* Opp'n at 12.  However, both cases merely uphold the established power of District Courts to impose pre-filing conditions on vexatious litigants. The cases say nothing whatsoever about Anti-SLAPP motions or the litigation privilege.  Nor do the cases suggest that civil liability may be imposed for the mere filing of a Complaint, as Defendants seek to do here through their unfair competition counterclaim.  Nor do the cases in any way suggest that Monster's PTO proceedings were improperly filed.

-6-

Defendants' citation to *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1523 (9th Cir. 1983), is similarly misplaced.  Defendants cite this case as holding that "the filing of thirty-five separate actions by a single plaintiff resulted in a finding that plaintiff was engaged in unlawful frivoulous litigation."  Opp'n at 12.  *Wood* has no such holding, and to contend that it does is nothing short of deceitful.  In *Wood*, the plaintiff filed 35 concurrent lawsuits that were consolidated in a single multi-district proceeding.  The court merely upheld the District Court's power to enjoin the plaintiff from filing further cases outside the multi-district proceeding.  Again, the court said nothing about Anti-SLAPP motions, the litigation privilege, or the imposition of liability for the mere filing of a Complaint.

Defendants also miscite *Clipper Express v. Rocky Mountain Motor Tariff Bureau*, 690 F.2d 1240, 1253-55 (9th Cir. 1982).  Defendants cite this case as holding that "filing a single baseless lawsuit can cause an anti-SLAPP movant to lose the First Amendment immunity upon which the statute is predicated."  Opp'n at 13-14.  However, *Clipper Express* says nothing about the Anti-SLAPP statute.  Instead, this case applies the well-settled sham exception to the federal *Noerr* / *Pennington* doctrine – a doctrine Monster has not invoked against Defendants' unfair competition counterclaim.  Nothing in *Clipper Express* suggests that the filing of a complaint is not a protected activity under the Anti-SLAPP statute or that a party need not present **evidence** to support its claim of frivolous litigation to survive an Anti-SLAPP motion.  *See HMS Capital*, 118 Cal. App. 4th at 212.  And nothing in *Clipper Express* suggests that there is any exception to California's litigation privilege for allegedly frivolous complaints.  To the contrary, as discussed above, the California courts have held that the litigation privilege is absolute and includes no exception for allegedly frivolous filings.  *Kashian*, 98 Cal. App. 4th at 913.

/ / /

Defendants also rely upon *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728 (2003), to support the proposition that Monster "is not an appropriate anti-SLAPP complainant." Opp'n at 14. However, Defendants fail to explain how *Jarrow* supposedly supports this proposition. It does not. The holding of *Jarrow* is simply that the Anti-SLAPP statute may be applied to strike claims for malicious prosecution, *Jarrow*, 31 Cal. 4th at 734-36, a point that hardly helps Defendants here.

Finally, Defendants rely upon *LaMaur, Inc. v. Alberto-Culver Co.*, 179 U.S.P.Q. 607, 1973 WL 917 (D. Minn. 1973), *aff'd*, 496 F.2d 618 (8th Cir. 1974), and *Puritan Sportswear v. Shure*, 307 F. Supp. 377, 390 (W.D. Pa. 1969), to support their assertion that frivolous trademark actions may form the basis of an unfair competition claim. *See* Opp'n at 11-12. *LaMaur*, however, was an unsuccessful federal antitrust suit filed in Minnesota. It says nothing about the California Anti-SLAPP statute or the California litigation privilege. *Puritan Sportswear* was a trademark infringement action in Pennsylvania in which the defendant asserted an antitrust violation as a defense. Again, it says nothing about the California Anti-SLAPP statute or the California litigation privilege.

### III.  THE UNCLEAN HANDS AND TRADEMARK MISUSE DEFENSES SHOULD BE STRICKEN

**A.    Defendants Have Not Pled And Cannot Plead A Specific Intent To Deceive Customers**

Defendants do not dispute that, to establish an unclean hands defense in a trademark case, "the trademark defendant must … show that the plaintiff used the trademark with the specific intent to deceive consumers." *Monster Energy Co. v. Integrated Supply Network LLC*, No. CV-17-548-CBM-RAO, 2018 WL 3357532 at *5 (C.D. Cal. June 4, 2018) (citing *2Die4Kourt v. Hillair Capital Mgmt., LLC*, No. SACV-16-1304-JVS, 2016 WL 4487895 at *9 (C.D. Cal. Aug.

23, 2016, *aff'd*, 692 F. App'x 366 (9th Cir. 2017)).  Similarly, Defendants do not dispute that they have failed to plead this essential element of their unclean hands defense.  Nor do Defendants suggest that this was a mere pleading error.  To the contrary, Defendants' unclean hands defense is based on the same unsupported allegations as their counterclaim – that Monster filed the present action and a PTO proceeding against Defendants in bad faith.  Dkt. No. 21 at 10:20-23.  The defense as pled has nothing to do with deceiving the public.

Defendants instead argue they had no obligation to plead the elements of their affirmative defenses.  Opp'n at 15-18.  According to Defendants, "pleading the name of the affirmative defense is sufficient."  *Id*. at 15.  Defendants are wrong as a matter of law.  As Judge Wright has explained, "[t]he majority of district courts in this Circuit, including the entire Northern District and this Court, has consistently applied *Twombly* and *Iqbal* to both claims and affirmative defenses."  *Vogel v. Huntington Oaks Delaware Partners*, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (collecting cases).  Thus, "*Twombly*'s plausibility requirement applies to affirmative defenses."  *Id*. at 441.  As a result, a defendant must "bolster its affirmative defenses with some factual support."  *Id*.

Here, as just explained, Defendants have failed to bolster their unclean hands defense with any factual support for the essential element of public deception.  To the contrary, they have pled allegations that, even if true, have nothing to do with public deception.  Accordingly, the unclean hands defense should be stricken under *Twombly*, *Iqbal*, and *Vogel*.  Moreover, because the trademark misuse defense is entirely duplicative of the unclean hands defense, it too should be stricken.  *See* Dkt. No. 23 at 18 (citing *TSX Toys v. 665, Inc.*, No. CV-14-02400-RGK, 2015 WL 12746211 at *9 (C.D. Cal. Sept. 23, 2015); *Gibson Brands v. John Hornby Skewes & Co.*, No. CV-14-00609-DPP, 2014 WL 4187979 at *5 (C.D. Cal. Aug. 22, 2014)).

**B.**     **The Defenses Are Barred By The *Noerr* / *Pennington* Doctrine**

Defendants do not dispute that the *Noerr* / *Pennington* doctrine applies to defenses that are premised upon the filing of a complaint in court or before the PTO.  Defendants argue only that their unclean hands and misuse defenses fall within the scope of the "sham" exception to the *Noerr* / *Pennington* doctrine.  Opp'n at 17-18.  In order to establish the applicability of the "sham" exception, Defendants must allege that "no reasonable litigant could realistically expect success on the merits."  *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993).  Moreover, this allegation must be **plausible** in light of the facts alleged in Defendants' pleading.  *Vogel*, 291 F.R.D. at 440-41.

Defendants appear to argue that this case falls within the "sham" exception because Monster allegedly has a pattern of filing baseless claims in the PTO and the courts. Opp'n at 17-18.  In support, Defendants throw epithets at Monster in their Opposition brief.  *Id*.  However, Defendants point to nothing in their **pleading** supporting their epithets.  In particular, as Monster explained in its moving papers, Defendants' pleading does not even allege that any of Monster's filings against third parties were objectively baseless.  Dkt. No. 23 at 15-16.  Indeed, the only allegation in Defendants' pleading that even relates to enforcement against third parties is the allegation that Monster "is widely known as a prodigious enforcer of its trademarks."  Dkt. No. 21 ¶ 14.  This falls far short of plausibly alleging that Monster has a pattern of filing suits with no realistic expectation of success on the merits.  Moreover, as Monster has already explained, Defendants have not and cannot plausibly allege that Monster could not realistically expect success on the merits in the present case.  Dkt. No. 23 at 15-16.

/ / /

/ / /

## IV. <u>MONSTER IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES INCURRED IN CONNECTION WITH THE ANTI-SLAPP PORTION OF THIS MOTION</u>

As Monster explained in its moving papers, the Anti-SLAPP statute mandates that the prevailing party "on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1). *See* Dkt. No. 23 at 13. The prevailing party has "the right to mandatory fees under Code of Civil Procedure section 425.16." *Ketchum v. Moses*, 24 Cal.4th 1122, 1141 (2001). "Thus, the award of attorney fees to a defendant who successfully brings a special motion to strike is not discretionary but mandatory." *Pfeiffer Venice Properties v. Bernard*, 101 Cal. App. 4th 211, 215 (2002). Defendants present no argument to the contrary. Accordingly, this Court should award Monster its mandatory fees for prevailing on the Anti-SLAPP portion of this motion.[1]

Moreover, though the award of fees is mandatory, Monster emphasizes that this is precisely the type of case for which an award of fees is especially appropriate. Defendants' counterclaim attacks the most central type of petitioning activity protected by the Anti-SLAPP statute and California's litigation privilege. As the California Supreme Court has explained: "We contemplate no communication that is more clearly protected by the litigation privilege than the filing of a legal action." *Action Apartment Ass'n Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1249 (2007) (quoted in *James Glidewell Dental Ceramics v. Keating Dental Arts*, No. SACV11-01309-DOC, 2013 WL 655314 at *13 (C.D. Cal. Feb. 21, 2013)). Thus, Defendants could not

---

[1] Monster intends to submit evidence of its attorneys' fees following an order by the Court granting the Anti-SLAPP motion, as Monster also should be entitled to recover the fees it incurs in connection with preparing this reply and any hearing that may be held on this motion.

-11-

reasonably expect that a counterclaim premised entirely upon the filing of a Complaint could survive California's litigation privilege.

## V.  <u>CONCLUSION</u>

California's Anti-SLAPP statute requires Defendants to present admissible evidence supporting their unfair competition counterclaim because that counterclaim is based entirely upon Monster's filing of its Complaint – a protected activity under the statute.   Defendants have presented no such evidence.   Moreover, California's litigation privilege is an absolute bar against any claim based upon the filing of a Complaint.   For both these reasons, Defendants' counterclaim must be dismissed and Monster should be awarded its attorneys' fees.   In addition, Defendants' affirmative defenses should be dismissed because Defendants have failed to plead an essential element and because these defenses are barred by the *Noerr / Pennington* doctrine.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  October 5, 2018        By:  */s/ Matthew S. Bellinger*
                                 Steven J. Nataupsky
                                 Lynda J. Zadra-Symes
                                 Matthew S. Bellinger
                                 Daniel C. Kiang

                                 Attorneys for Plaintiff,
                                 MONSTER ENERGY COMPANY

29156961

-12-