Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Matthew S. Bellinger (SBN 222228)
matt.bellinger@knobbe.com
Daniel C. Kiang (SBN 307961)
daniel.kiang@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

Eve J. Brown (SBN 247051)
ebrown@bglaw.com
BARTON GILMAN LLP
10 Dorrance Street, Suite 800
Providence, R.I. 02903
Phone: (401) 271-7171
Facsimile: (401) 273-2904

Attorneys for Defendants
THUNDER BEAST LLC and
STEPHEN NORBERG

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, | Case No. 5:18-cv-01367-AB-AS |
| Plaintiff, | Hon. André Birotte, Jr. |
| v. | |
| THUNDER BEAST LLC, a District of Columbia limited liability company, and | **JOINT RULE 26(f) REPORT** |
| STEPHEN NORBERG, an individual, | Scheduling Conference: Nov. 2, 2018 Time: 10:00 a.m. Courtroom: 7B |
| Defendants. | |

On October 11, 2018, counsel for the parties conducted a conference in accordance with Fed. R. Civ. P. 26(f), Local Rule 26, and the Court's August 9, 2018 Order Setting Scheduling Conference (Dkt. No. 17).  The parties submit the following Joint Report detailing the results of that conference.

## A.   <u>Statement of the Case</u>

This is an action filed by Plaintiff Monster Energy Company against Defendants Thunder Beast LLC and its owner, Stephen Norberg, for: (1) trademark infringement and false designation of origin under 15 U.S.C. § 1125(a), (2) trademark infringement under 15 U.S.C. § 1114, (3) unfair competition under California Business & Professions Code §§ 17200 *et seq.*, (4) unfair competition under California common law, and (5) cancellation of Thunder Beast LLC's U.S. Trademark Registration No. 4,772,758 under 15 U.S.C. § 1119.

Plaintiff alleges that Defendants are marketing, offering for sale, and selling beverages using marks that are confusingly similar to Plaintiff's marks. Plaintiff alleges that Defendants are using the THUNDER BEAST mark, which Plaintiff alleges is confusingly similar to Plaintiff's BEAST-inclusive marks (such as UNLEASH THE BEAST!®, UNLEASH THE NITRO BEAST!®, REHAB THE BEAST!®, UNLEASH THE ULTRA BEAST!®, and PUMP UP THE BEAST!®) and are also using MONSTER-inclusive marks, such as FIGHT MONSTERS, which Plaintiff alleges are confusingly similar to Plaintiff's MONSTER-inclusive marks (such as MONSTER ENERGY® and MONSTER™), particularly when used together in combination with Plaintiff's BEAST-inclusive marks.  The relief sought by Plaintiff includes an injunction against further infringement, damages, and disgorgement of profits.  Plaintiff further seeks an order directing the United States Patent and Trademark Office to cancel Thunder Beast LLC's U.S. Trademark Registration No. 4,772,758 for the THUNDER BEAST mark.

Defendants have denied Plaintiff's claims and that Plaintiff is entitled to the relief requested in the Complaint. Defendants have also asserted the following Affirmative Defenses: (1) Statute of Limitations, (2) Laches, (3) Lack of Harm or Injury, (4) Trademark Misuse, (5) Unclean Hands, and (6) Fair Use. In addition, Defendants have filed counterclaims for: (1) a declaratory judgment of non-infringement, and (2) unfair competition under California Business & Professions Code § 17200.

**B.   Subject Matter Jurisdiction**

Plaintiff has alleged that the Court has subject matter jurisdiction over the federal claims in the Complaint pursuant to 15 U.S.C. §§ 1116 and/or 1121(a) and 28 U.S.C. §§ 1331 & 1338, and over the state law claims in the Complaint pursuant to 28 U.S.C. §§ 1338(b) and 1367(a). Defendants allege that the Court has subject matter jurisdiction over their declaratory judgment counterclaim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338, and over their unfair competition counterclaim pursuant to 28 U.S.C. § 1367(a).

**C.   Legal Issues**

The central issue before the Court raised in Plaintiff's Complaint is whether Defendants' use of the marks at issue is likely to cause consumer confusion with Plaintiff's marks.

The parties are unaware of any unusual substantive, procedural, or evidentiary issues.

**D.   Parties, Witnesses, and Documents**

The Plaintiff is Monster Energy Company, a subsidiary of Monster Beverage Corporation. The Coca-Cola Company is a shareholder owning approximately 16.7% of common stock of Monster Beverage Corporation. The Defendants are Thunder Beast LLC and Stephen Norberg, an individual and the owner of Thunder Beast LLC.

/ / /

The likely fact witnesses are Rodney Sacks, the Chairman and Chief Executive Officer of Monster Energy Company, and Defendant Stephen Norberg. The parties have not yet identified the key documents in this case, other than documents, such as advertising and promotional materials and product images, showing use of the marks at issue and registrations for some of the marks at issue.

**E.    Damages**

Plaintiff's Statement:

Plaintiff requires discovery from Defendants to determine a realistic range of provable damages, including information regarding Defendants' sales of its Thunder Beast beverages and Defendants' profits from those sales.

Defendants' Statement:

Defendants require discovery from Plaintiff to determine a realistic range of provable damages with respect to their counterclaim, including information regarding Defendants' business activities and profits.

**F.    Insurance**

There are no applicable insurance policies covering this litigation.

**G.    Motions**

Plaintiff's Anti-SLAPP Motion to Strike Defendants' Counterclaim and Motion to Strike Defendants' Affirmative Defenses and Motion for Attorneys' Fees is currently pending before the Court. At this time, the parties do not believe that motions seeking to add parties or claims, file amended pleadings, or transfer venue are likely.

**H.    Dispositive Motions**

Plaintiff's Statement:

Plaintiff believes that, following an opportunity for discovery, some of its claims and Defendants' affirmative defenses may be appropriate for resolution on summary judgment.

Defendants' Statement:

Defendants believe that, if the related Trademark Trial and Appeal proceeding between the same parties (Cancellation No. 92063037) is resolved with respect to the question of likelihood of confusion between the parties' marks, the remaining issues in the instant case will be substantially narrowed and appropriate for summary judgment. That proceeding is currently suspended pending the instant action, but may be resumed in order to facilitate a more efficient resolution in this case. All discovery, dispositive motions, and briefing has been completed in the Board proceeding.

**I.  Manual for Complex Litigation**

The parties do not believe this case calls for the procedures of the Manual for Complex Litigation.

**J.  Status of Discovery**

The parties previously conducted discovery in connection with Trademark Trial and Appeal Board Cancellation No. 92063037 involving Thunder Beast LLC's U.S. Trademark Registration No. 4,772,758 for the THUNDER BEAST mark, including serving written discovery and Plaintiff conducting a discovery deposition of Defendants. The parties anticipate commencing discovery in this case prior to the date set for the Scheduling Conference and will explore ways to streamline discovery in this case in view of the information exchanged in the prior proceeding.

**K.  Discovery Plan**

**1.  Initial Disclosures**

The parties have agreed to serve Initial Disclosures under Fed. R. Civ. P. 26(a) on October 25, 2018.

**2.  Subjects of Discovery**

Plaintiff expects that the topics of discovery on its claims will include at least the following: (1) the design, development, selection, and adoption of

-4-

Defendants' marks at issue, including the packaging for Defendants' beverages; (2) Defendants' marketing, sales, advertisement, and promotion of its products; (3) Defendants' knowledge of Plaintiff, Plaintiff's products, and Plaintiff's asserted trademarks; (4) instances of confusion between Defendants' products and Plaintiff or its products; and (5) the damages to which Plaintiff is entitled.

In addition to the above, Defendants expect to conduct discovery on the following: (1) Plaintiff's marketing, advertisement, and enforcement of its marks; (2) Plaintiff's bona fide intent in bringing the instant action; (3) instances of confusion between Defendants' products and Plaintiff or its products; and (4) the damages to which Defendants are entitled.

### 3. Electronically Store Information

The parties agree that electronically stored information may be produced as .pdf or .tiff files, with each party reserving the right to make reasonable requests for the production of particular documents in native format.

### 4. Phased Discovery

The parties do not believe that discovery should be conducted in phases, except that expert discovery should begin upon completion of fact discovery.

### 5. Changes to Discovery Limits

The parties do not believe that any changes are necessary to the limits on discovery set forth in the Federal Rules of Civil Procedure or Local Rules.

### 6. Protective Order

The parties believe that a Protective Order governing the disclosure of confidential information will be needed in this case.  The parties will work together in good faith to submit a Proposed Stipulated Protective Order to the Court, in which the parties plan to include a provision regarding the inadvertent production of privileged or otherwise protected material.

### L. Discovery Cut-Off

The parties propose a fact discovery cut-off date of April 19, 2019.

**M.   Expert Discovery**

The parties propose that opening expert reports be served no later than April 26, 2019; that rebuttal expert reports be served no later than May 24, 2019; and that expert discovery close on June 7, 2019.

**N.   Settlement Conference / Alternative Dispute Resolution (ADR)**

No settlement discussions have occurred since this case was filed.  The parties select Alternative Dispute Resolution Procedure No. 3 (private dispute resolution) pursuant to Local Rule 16-15.4 and the Notice of Parties of Court-Directed ADR Program (Dkt. No. 7).  The parties propose that the proceedings occur by August 2, 2019.

**O.   Trial Estimate**

The parties anticipate that trial in this case will take 3-4 Court days. Plaintiff estimates that it will present 3-4 witnesses at trial, including expert witnesses.  Defendants estimate presenting 2-3 witnesses at trial.

**P.   Trial Counsel**

Trial counsel for Plaintiff will be Steven Nataupsky, Lynda Zadra-Symes, and Matt Bellinger.  Trial counsel for the Defendants will be Eve J. Brown.

**Q.   Independent Expert or Master**

The parties do not believe this case requires the appointment of an independent expert or a master.

**R.   Schedule Worksheet**

Pursuant to this Court's Order Setting Scheduling Conference, the Scheduling Worksheet is submitted herewith.

**S.   Other Issues**

The parties are unaware of any other issues affecting the status or management of this case, and have no proposals at this time regarding severance, bifurcation, or other ordering of proof.

/ / /

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  October 19, 2018    By:  */s/ Matthew S. Bellinger*
                                            Steven J. Nataupsky
                                            Lynda J. Zadra-Symes
                                            Matthew S. Bellinger
                                            Daniel C. Kiang

Attorneys for Plaintiff,
MONSTER ENERGY COMPANY

BARTON GILMAN LLP

Dated:  October 19, 2018    By:  */s/ Eve J. Brown (with permission)*
                                              Eve J. Brown

Attorneys for Defendants,
THUNDER BEAST LLC and
STEPHEN NORBERG

29189452

-7-

## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
**The Court _ORDERS_ the parties to make every effort to agree on dates.**

| Case No. 5:18-cv-01367-AB-AS | Monster Energy Company v. Thunder Beast LLC & Stephen Norberg | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy | **Court Order** mm/dd/yyyy |
| Check one: [X] Jury Trial  or  [ ] Court Trial (**_Tuesday_ at 8:30 a.m., within 18 months after Complaint filed**) Estimated Duration: 3-4 Days | | 10/29/2019 | Same | [ ] Jury Trial [ ] Court Trial _____Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine (**_Friday_ at 11:00 a.m., at least 17 days before trial**) | | 10/11/2019 | Same | |

| **Event [1]** _Note:_ Hearings shall be on Fridays at 10:00 a.m. Other dates can be any day of the week. | **Weeks Before FPTC** | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy | **Court Order** mm/dd/yyyy |
|---|---|---|---|---|
| Last Date to _Hear_ Motion to Amend Pleadings/Add Parties [Friday] | | 2/15/2019 | Same | |
| Non-Expert Discovery Cut-Off (**no later than deadline for _filing_ dispositive motion**) | 17 | 4/19/2019 | Same | |
| Expert Disclosure (Initial) | | 4/26/2019 | Same | |
| Expert Disclosure (Rebuttal) | | 5/24/2019 | Same | |
| Expert Discovery Cut-Off | 12[2] | 6/7/2019 | Same | |
| Last Date to _Hear_ Motions [Friday] • Rule 56 Motion due at least 5 weeks before hearing • Opposition due 2 weeks after Motion is filed • Reply due 1 week after Opposition is filed | 12 | 7/19/2019 | Same | |
| Deadline to Complete Settlement Conference [L.R. 16-15] _Select one:_ [ ] 1. Magistrate Judge *(with Court approval)* [ ] 2. Court's Mediation Panel [X] 3. Private Mediation | 10 | 8/2/2019 | Same | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** • Motions in Limine • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)* • Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 9/20/2019 | Same | |
| **Trial Filings (second round)** • Oppositions to Motions In Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions *(jury trial only)* • Disputed Proposed Jury Instructions *(jury trial only)* • Joint Proposed Verdict Forms *(jury trial only)* • Joint Proposed Statement of the Case *(jury trial only)* • Proposed Additional Voir Dire Questions, if any *(jury trial only)* • Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 9/27/2019 | Same | |

[1]  **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. _Class actions and patent and ERISA cases in particular may need to vary from the above._**

[2]  **The parties may wish to consider cutting off expert discovery prior to the deadline for _filing_ an MSJ.**