UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | ED CV 18-01367-AB (ASx) | Date: | October 22, 2018 |
|---|---|---|---|

Title: *Monster Energy Company v. Thunder Beast LLC et al*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>GRANTING</u> ANTI-SLAPP MOTION TO STRIKE AND <u>GRANTING IN PART AND DENYING IN PART</u> MOTION TO STRIKE UNDER RULE 12(f)

Before the Court is Plaintiff Monster Energy Company's ("Plaintiff") Anti-SLAPP Motion to Strike Defendants' Counterclaim and Moton to Strike Under Rule 12(f). ("Motion," Dkt. No. 22.) Defendants Thunder Beast, LLC, and Stephen Norberg ("Defendants") filed an opposition and Plaintiff filed a reply. For the following reasons, the Anti-SLAPP Motion is **<u>GRANTED</u>** and the Motion to Strike Under Rule 12(f) is **<u>GRANTED IN PART AND DENIED IN PART</u>**.

I.   BACKGROUND

Plaintiff's Complaint alleges trademark infringement and related claims against Defendants for infringing on Plaintiff's MONSTER and BEAST trademarks. *See* Complaint (Dkt. No. 1). Defendants filed an Answer and Counterclaims, asserting a fourth affirmative defense of trademark misuse, a fifth affirmative defense of unclean

hands, and a counterclaim for unfair competition under Cal. Code Civ. P. § 17200 *et seq*. *See* Answer and Counterclaim ("ACC," Dkt. No. 21). Plaintiff moves to strike the counterclaim pursuant to California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16(c), and to strike the affirmative defenses under Fed. R. Civ. P. 12(f).

## II.   DISCUSSION

### A. Plaintiff's Anti-SLAPP Motion to Strike is **GRANTED**.

#### 1. Legal Standard

A Strategic Lawsuit Against Public Participation, or "SLAPP," is "a meritless suit filed primarily to chill the defendant's exercise of First Amendment rights." *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 815 n.2 (1994), *disapproved of on other grounds by Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 68 n.5 (2002). "The hallmark of a SLAPP lawsuit is that it is filed to obtain a financial advantage over one's adversary by increasing litigation costs until the adversary's case is weakened or abandoned." *Metabolic Research, Inc. v. Ferrell*, 693 F.3d 795, 796 n.1 (9th Cir. 2012) (internal citation omitted).

To "provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights," *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1055-56 (2006), the California legislature enacted the anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, which provides, in relevant part:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. Proc. § 425.16(b)(1). An "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law." Cal. Civ. Proc. Code § 425.16 (e)(1).

A litigant may bring an anti-SLAPP motion in federal court. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971-73 (9th Cir. 1999);

*see also Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206-07 (9th Cir. 2005) (per curiam) (reaffirming *Lockheed*). An anti-SLAPP motion consists of a two-step inquiry: "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." *Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP*, 18 Cal. App. 5th 95, 110 (2017), *review denied* (Mar. 14, 2018) (citation omitted). "'Reasonable probability' in the anti-SLAPP statute has a specialized meaning." *Mindy's Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 598 (9th Cir. 2010) (internal citation omitted). It requires that the plaintiff show a "'minimum level of legal sufficiency and triability'": the plaintiff "need only 'state and substantiate a legally sufficient claim.'" *Id.* The "prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1).

## 2. Defendants' Unfair Competition Counterclaim Arises From Plaintiff's Protected Activity

Plaintiff has met the first element. "A [movant] meets this burden by demonstrating that the [] act underlying the [claim] fits one of the categories spelled out in [section 425.16(e)]." *Navellier v. Sletten*, 29 Cal.4th 82, 88 (2002) (citation omitted). Defendants' UCL claim against Plaintiff is premised solely Plaintiff's filing the Complaint in this action, which Defendants allege is not a good faith complaint but instead is intended to destroy competition. *See* ACC ¶¶ 23-30. Plaintiff's Complaint is a writing made before a judicial proceeding under § 425.16(e), so it is an activity protected by the anti-SLAPP statute. *See, e.g., Navellier*, 29 Cal.4th at 90 ("A claim for relief filed in federal district court indisputably is a 'statement or writing made before a . . . judicial proceeding.'"). Defendants argue that Plaintiff's Complaint is not a protected activity because it is frivolous and in bad faith. But, California courts have rejected this tactic of assessing the validity of the moving party's underlying constitutional right in the first step of the analysis and instead considers it in the context of the second step. *Chavez v. Mendoza*, 94 Cal. App. 4th 1083, 1089 (2001) ("courts have recognized that a person does not have a constitutionally protected right to file a complaint that is unsupported by the facts," but under the anti-SLAPP statute, "a court must generally presume the validity of the claimed constitutional right in the first step of the anti-SLAPP analysis, and then permit the parties to address the issue in the second step of the analysis, if necessary.").

## 3. Defendants Cannot Establish a Probability of Success on Their Unfair Competition Counterclaim.

Defendants have not established a probability of success on their unfair

competition claim. To establish a probability of success, the party must show that its claim is legally sufficient and supported by enough evidence to establish a prima facie claim. *Zamos v. Stroud*, 32 Cal.4th 958, 965 (2004), *as modified* (June 9, 2004). Defendants' sole argument is that Plaintiff's Complaint is frivolous and an attempt to crush competition, not to enforce legitimate intellectual property rights. *See* Opp'n 13:16-26. Defendants support this claim with an assertion that Plaintiff has filed more than 1,000 other allegedly frivolous lawsuits. *See* Opp'n 12:7-22. This argument fails, however, because Defendants have not filed any admissible evidence to support it. *See HMS Capital v. Lawyers Title Co.*, 118 Cal. App. 4th 204, 212 (2004) ("In opposing an anti-SLAPP motion, [a party] cannot rely on the allegations of the complaint, but must produce evidence that would be admissible at trial."). For this reason alone Defendants have not met their burden.

Defendants' unfair competition claim is also barred by the litigation privilege. Under Cal. Civ. Code § 47(b), communications made in judicial proceedings are privileged. This "litigation privilege" is "absolute in nature." *Silberg v. Anderson*, 50 Cal.3d 205, 215 (1990), *as modified* (Mar. 12, 1990). "[T]he privilege [extends] to any communication, not just a publication, having 'some relation' to a judicial proceeding, and to *all* torts other than malicious prosecution." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913 (2002). And, contrary to Defendants' argument, "application of the privilege does not depend on the publisher's 'motives, morals, ethics or intent.'" *Id.* Accordingly, Plaintiff's filing of this action is privileged and simply cannot give rise to any liability under California law. Defendants' unfair competition counterclaim is predicated entirely on the fact that Plaintiff filed its Complaint, so it is barred by the litigation privilege. Because Defendants' unfair competition counterclaim is defeated by the litigation privilege, Defendants cannot establish any probability of success on that claim.

Plaintiff's anti-SLAPP motion is therefore **GRANTED**.

### B. Plaintiff's Motion to Strike is <u>GRANTED</u> in Part and <u>DENIED</u> in Part.

Plaintiff also moves to strike Defendants' affirmative defenses of trademark misuse (4th defense) and unclean hands (5th defense) as inadequately pled and legally barred. For the trademark misuse defense, Defendants allege "Plaintiff's claims are barred by the doctrine of trademark misuse, because Plaintiff has asserted its trademarks against Defendants for the improper purposes of unfair competition, financial oppression, and delay, knowing that Defendants have not infringed Plaintiff's rights." ACC p 10. For the unclean hands defense, Defendants allege "Plaintiff's claims are barred by the doctrine of unclean hands, based on its actions as set forth in the counterclaims below." *Id.* Plaintiff argues that these defenses are barred by the *Noerr-Pennington* doctrine.

1. Legal Standard

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a Rule 12(f) motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. Cal. 1993) (*quoting Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)) (overruled on other grounds in *Fogerty v Fantasy Inc.*, 510 U.S. 517 (1994).

2. **The Motion to Strike is <u>GRANTED</u> as to the Unclean Hands Defense.**

Before addressing *Noerr-Pennington*, the Court finds that the unclean hands defense fails because it is premised solely on Plaintiff's filing of this action, and that is not a legally sufficient basis for this defense. To establish an unclean hands defense, a party "must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 870 (9th Cir. 2002) (internal quote and citation omitted). The conduct must "relate to the getting or using the alleged trademark rights" and the defense may not rely on the "allegedly unfair or improper filing of a trademark infringement lawsuit[.]" J. Thomas McCarthy, 6 McCarthy on Trademarks and Unfair Competition ("McCarthy") § 31:51 (5th ed. 2016). Because Plaintiff's filing of this lawsuit cannot give rise to an unclean hands defense, the Court finds that this defense is insufficient and it is therefore **STRICKEN**.

3. **The Motion is <u>DENIED</u> as to the Trademark Misuse Defense.**

The Court now turns to Defendants' trademark misuse defense. Neither party clearly explains what the trademark misuse defense is, but McCarthy explains that it is the misuse of a trademark to violate the antitrust laws, and that the defendant must establish "that the trademark itself has been 'the basic and fundamental vehicle required and used to accomplish the violation.'" McCarthy § 31:47 (citation omitted). Here, Defendants allege that Plaintiff filed this action for the improper purpose of stifling competition knowing that Defendants did not violate Plaintiff's trademarks. *See* ACC 10:16-20. The *Noerr-Pennington* doctrine holds that "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). This immunity extends to protect "conduct intimately related to . . . petitioning activities" in order "to preserve the breathing space required for the effective exercise of the rights it

protects." *Id.* at 933–34. The question, then, is whether allowing Defendants to proceed with their trademark misuse defense could "impair [Plaintiff's] right of access to the courts protected by the First Amendment." *Id.* at 936.

Here, the trademark misuse defense is directed at Plaintiff's conduct in filing this action, so it is subject to dismissal under *Noerr-Pennington*. But Defendants argue that the "sham" exception applies. The sham exception establishes that "*Noerr–Pennington* immunity is not a shield for petitioning conduct that, although 'ostensibly directed toward influencing governmental action, is a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor.'" *Id.* at 938 (citation omitted). The Ninth Circuit has recognized "three circumstances in which the sham litigation exception might apply: first, where the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful []; second, where the conduct involves a series of lawsuits 'brought pursuant to a policy of starting legal proceedings without regard to the merits' and for an unlawful purpose []; and third, if the allegedly unlawful conduct 'consists of making intentional misrepresentations to the court. . .'" *Id.*

It appears that Defendants invoke the first circumstance: "Plaintiff has asserted its trademarks against Defendants for improper purposes. . ." ACC 10:16-19. Plaintiff points to several cases where trademark misuse defenses were defeated by *Noerr-Pennington* and where the court rejected the sham exception, but none of these was decided on a motion to strike. *See, e.g., Monster Energy Co. v. Integrated Supply Network, LLC*, No. ED CV 17-548-CBM-RAO, 2018 WL 3357532, at *4 (C.D. Cal. June 4, 2018) (motion for summary judgment); *Adidas Am., Inc. v. TRB Acquisitions LLC*, No. 3:15-CV-2113-SI, 2017 WL 337983, at *8 (D. Or. Jan. 23, 2017) (motion for judgment on pleadings); *James R. Glidewell Dental Ceramics, Inc. v. Keating Dental Arts, Inc.*, No. SACV 11-1309-DOC ANX, 2013 WL 655314, at *14 (C.D. Cal. Feb. 21, 2013) (motion for summary judgment).

In light of the limited briefing on these issues and the "fair notice" standard still applicable to pleading affirmative defenses, *see Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) ("'key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense'") (citation omitted), the Court cannot find that Defendants' trademark misuse defense is "insufficient" or that it is "redundant, immaterial, impertinent, or scandalous" under Rule 12(f). The motion to strike is therefore **DENIED** as to the trademark misuse defense.

### III.   CONCLUSION

For the foregoing reasons:

- Plaintiff's anti-SLAPP Motion is **GRANTED** and Defendants' unfair competition counterclaim is hereby **STRICKEN**.

- Plaintiff's Motion to Strike is **GRANTED** as to the unclean hands affirmative defense, and that defense is **STRICKEN**.

- Plaintiff's Motion to Strike is **DENIED** as to the trademark misuse affirmative defense.

Because Plaintiff prevailed in its anti-SLAPP motion, it is entitled to an award of attorneys' fees. *See* Cal. Code Civ. P. § 415.16(c)(1). The parties must meet and confer on Plaintiffs' fees and file a Joint Brief as follows:

- Within two weeks of the issuance of this Order, Plaintiffs must present Defendants with their fee request and associated documentation.
- Within a week thereafter the parties must meet and confer in an attempt to resolve any disputes and objections.
- Within a week thereafter the parties must file a Joint Brief setting out any points of dispute, at which point the fee request will be deemed under submission.

The Court expects the parties to use best efforts to resolve any disputes and avoid incurring further fees.

**IT IS SO ORDERED.**