| | |
|---|---|
| 1 | Steven J. Nataupsky (SBN 155913) |
| | steven.nataupsky@knobbe.com |
| 2 | Paul A. Stewart (SBN 153467) |
| | paul.stewart@knobbe.com |
| 3 | Lynda J. Zadra-Symes (SBN 156511) |
| | lynda.zadrasymes@knobbe.com |
| 4 | Matthew S. Bellinger (SBN 222228) |
| | matt.bellinger@knobbe.com |
| 5 | Daniel C. Kiang (SBN 307961) |
| | daniel.kiang@knobbe.com |
| 6 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| | 2040 Main Street, Fourteenth Floor |
| 7 | Irvine, CA  92614 |
| | Phone: (949) 760-0404 |
| 8 | Facsimile: (949) 760-9502 |
| 9 | Attorneys for Plaintiff |
| | MONSTER ENERGY COMPANY |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, | Case No. 5:18-cv-01367-AB-AS |
| Plaintiff, | **PLAINTIFF MONSTER ENERGY COMPANY'S ANSWER TO COUNTERCLAIM** |
| v. | |
| THUNDER BEAST LLC, a District of Columbia limited liability company, and STEPHEN NORBERG, an individual, | **DEMAND FOR JURY TRIAL** |
| | Hon. André Birotte Jr. |
| Defendants. | |
| THUNDER BEAST LLC, a District of Columbia limited liability company, and STEPHEN NORBERG, an individual, | |
| Counterclaimants, | |
| v. | |
| MONSTER ENERGY COMPANY, a Delaware corporation, | |
| Counterdefendant. | |

Plaintiff/Counterclaim Defendant Monster Energy Company ("Monster"), by its undersigned attorneys, hereby answers the Counterclaim filed by Defendants/Counterclaim Plaintiffs Thunder Beast LLC and Stephen Norberg (collectively, "Defendants") as follows:

## COUNTERCLAIMS

### I. THE PARTIES

1. Admitted.

2. Monster lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Counterclaim, and therefore denies them.

### II. JURISDICTION AND VENUE

3. Monster admits that this Court has subject matter jurisdiction over Defendants' claim for a declaratory judgment of non-infringement of the trademarks asserted in Monster's Complaint. Monster otherwise denies any remaining allegations in Paragraph 3 of the Counterclaim.

4. The allegations in Paragraph 4 of the Counterclaim appear to relate solely to the stricken unfair competition counterclaim, and thus no response to that paragraph is required. To the extent a response is required, Monster denies the allegations in Paragraph 4 of the Counterclaim.

5. Monster admits that this Court has personal jurisdiction over Monster with respect to this lawsuit. Monster otherwise denies any remaining allegations in Paragraph 5 of the Counterclaim.

6. Monster admits that venue is proper in this Court for the purposes of this lawsuit. Monster otherwise denies any remaining allegations in Paragraph 6 of the Counterclaim.

/ / /

/ / /

/ / /

### III. FACTS

7. Monster lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Counterclaim, and therefore denies them.

8. Monster lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Counterclaim, and therefore denies them.

9. Monster lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Counterclaim, and therefore denies them.

10. Monster lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Counterclaim, and therefore denies them.

11. Monster admits that U.S. Trademark Registration No. 4,772,758 for the THUNDER BEAST mark lists on its face that it was filed as Application Serial No. 86/459,276, a filing date of November 19, 2014, a first use date of April 9, 2012, a first use in commerce date of September 14, 2013, a listing of goods as "Non-alcoholic beverages, namely, carbonated beverages," that it was filed under Section 1(a) of the Trademark Act, a publication date of April 28, 2015, and a registration date of July 14, 2015. Monster lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Counterclaim, and therefore denies them.

12. Monster admits that it filed, through its counsel of record in this lawsuit, a petition in the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 4,772,758 on the grounds of priority of use and likelihood of confusion. Monster admits that cancellation proceeding remains pending (although it is suspended), the discovery period in the proceeding has closed, and the parties' trial briefs in the proceeding have been

filed. Monster denies the remaining allegations in Paragraph 12 of the Counterclaim.

13. Monster denies the allegations in Paragraph 13 of the Counterclaim.

14. The allegations in Paragraph 14 of the Counterclaim appear to relate solely to the stricken unfair competition counterclaim, and thus no response to that paragraph is required. To the extent a response is required, Monster denies the allegations in Paragraph 14 of the Counterclaim.

15. Monster denies the allegations in Paragraph 15 of the Counterclaim.

## FIRST CAUSE OF ACTION

*Declaratory Judgment of Non-Infringement*

(28 U.S.C. 2201)

16. Monster admits there is an actual and justiciable controversy concerning whether Defendants have infringed Monster's trademark rights as identified in Monster's Complaint. Monster denies the remaining allegations in Paragraph 16 of the Counterclaim.

17. Monster denies the allegations in Paragraph 17 of the Counterclaim.

18. Monster admits that it owns valid trademarks for the UNLEASH THE BEAST!® mark and other BEAST-containing marks. Monster denies the remaining allegations in Paragraph 18 of the Counterclaim.

19. Monster denies the allegations in Paragraph 19 of the Counterclaim.

20. Monster denies the allegations in Paragraph 20 of the Counterclaim.

21. Monster admits that Defendants purport to seek, pursuant to 28 U.S.C. §§ 2201 and 2202, declaratory relief as stated in Paragraph 21 of the

Counterclaim, but denies that Defendants are entitled to such a judgment or that there is any merit to Defendants' allegations.

22. Monster admits that Defendants purport to seek declaratory relief as stated in Paragraph 22 of the Counterclaim, but denies that Defendants are entitled to such a judgment or that there is any merit to Defendants' allegations.

## SECOND CAUSE OF ACTION

*State Law Unfair Competition*

*(California Business and Professions Code 17200)*

23. This cause of action has been stricken by the Court and thus no response is required. *See* Dkt. No. 31.

24. This cause of action has been stricken by the Court and thus no response is required. *See id.*

25. This cause of action has been stricken by the Court and thus no response is required. *See id.*

26. This cause of action has been stricken by the Court and thus no response is required. *See id.*

27. This cause of action has been stricken by the Court and thus no response is required. *See id.*

28. This cause of action has been stricken by the Court and thus no response is required. *See id.*

29. This cause of action has been stricken by the Court and thus no response is required. *See id.*

30. This cause of action has been stricken by the Court and thus no response is required. *See id.*

## AFFIRMATIVE DEFENSES

## FAILURE TO STATE A CLAIM

Defendants' alleged counterclaim fails to state a claim upon which relief can be granted.

# PRAYER FOR RELIEF

WHEREFORE, Monster respectfully requests that the Court:

1. Grant judgment in Monster's favor and against Defendants on Defendants' counterclaim;

2. Deny Defendants' request for relief in its entirety;

3. Award Monster the full relief requested in its Complaint;

4. Award Monster its costs and attorneys' fees in connection with this matter; and

5. Award Monster such other relief as the Court deems just and proper.

                                            Respectfully submitted,

                                            KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 5, 2018       By: */s/ Matthew S. Bellinger*
                                           Steven J. Nataupsky
                                           Paul A. Stewart
                                           Lynda J. Zadra-Symes
                                           Matthew S. Bellinger
                                           Daniel C. Kiang

                                           Attorneys for Plaintiff,
                                           MONSTER ENERGY COMPANY

29297922