Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Paul A. Stewart (SBN 153467)
paul.stewart@knobbe.com
Matthew S. Bellinger (SBN 222228)
matt.bellinger@knobbe.com
Daniel C. Kiang (SBN 307961)
daniel.kiang@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THUNDER BEAST LLC, a District of Columbia limited liability company, and<br><br>STEPHEN NORBERG, an individual,<br><br>　　　　Defendants. | Case No. 5:18-cv-01367-AB-AS<br><br>**PLAINTIFF'S AND DEFENDANTS' JOINT BRIEF REGARDING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES** |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

# TABLE OF CONTENTS

Page No.

**PLAINTIFF'S POSITION** ..................................................................................... 1

I. INTRODUCTION ................................................................................. 1

II. ARGUMENT ........................................................................................ 1

    A. Applicable Standards ................................................................ 1

    B. The Hours Worked in Connection with Plaintiff's Anti-SLAPP Motion Were Reasonable ................................................ 2

    C. The Requested Hourly Rates Are Reasonable ............................ 3

    D. Summary of Lodestar Calculations ............................................ 6

III. CONCLUSION ..................................................................................... 6

**DEFENDANTS' POSITION** .................................................................................. 7

I. INTRODUCTION ................................................................................. 7

II. APPLICABLE STANDARD ................................................................ 7

III. ARGUMENT ........................................................................................ 8

    A. Plaintiff's Record of Hours Worked is Inflated, Duplicative, Vague, and Conflates Tasks Unrelated to the Anti-Slapp Portion of its Motions ..................................... 8

    B. Plaintiff's Claimed Hourly Rates Must be Adjusted to Reflect Both Controlling Precedent and the Market ................... 10

IV. SUMMARY OF CALCULATIONS .................................................... 11

V. CONCLUSION ..................................................................................... 12

# TABLE OF AUTHORITIES

Page No(s).

*AT&T Mobility LLC v. Yeager*,
   No. 2:13-cv-00007 KJM DB, 2018 WL 1567819
   (E.D. Cal. Mar. 30, 2018) ................................................................. 9, 10

*Barjon v. Dalton*,
   132 F.3d 496 (9th Cir. 1997) ................................................................. 6

*Blum v. Stenson*,
   465 U.S. 886 (1984) ............................................................................ 11

*Chalmers v. City of Los Angeles*,
   796 F.2d 1205 (9th Cir. 1986) ......................................................... 6, 11

*Christie v. Lester*,
   No. CV 14-08993-RGK, 2015 WL 13439821
   (C.D. Cal. Jun. 15, 2015) .............................................................. *passim*

*Cotton v. City of Eureka*,
   889 F. Supp. 2d 1154 (N.D. Cal. 2012) ............................................... 11

*Cunningham v. City of Los Angeles*,
   879 F.2d 481 (9th Cir. 1988) ................................................................. 4

*Earvana, LLC v. Ernie Ball, Inc.*,
   No. CV 14-2302-R, 2014 WL 12605371
   (C.D. Cal. Dec. 17, 2014) ............................................................ *passim*

*Graham–Sult v. Clainos*,
   2012 WL 994754 (N.D. Cal. Mar. 23, 2012) ....................................... 12

*Hall v. Bolger*,
   768 F.2d 1148 (9th Cir. 1985) ............................................................. 11

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ............................................................................ 11

*Ingram v. Oroudijan*,
   647 F.3d 925 (9th Cir. 2011) ................................................................. 7

# TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

*Lee–Tzu Lin v. Dignity Health–Methodist Hosp. of Sacramento*,
 2014 WL 5698448 (E.D. Cal. Nov. 4, 2014) .................................................. 12

*Orian v. Fed'n Int'l des Droits de L'Homme*,
 No. CV 11-6904 PSG, 2012 WL 994643
 (C.D. Cal. Mar. 22, 2012) ............................................................................ 4, 9

*PLCM Group v. Drexler*,
 22 Cal. 4th 1084 (2000) .................................................................................. 4

*Van Gerwen v. Guar. Mut. Life Co.*,
 214 F.3d 1041 (9th Cir. 2000) ...................................................................... 11

*Wilkerson v. Sullivan*,
 99 Cal. App. 4th 443 (2002) ........................................................................... 4

Pursuant to the Court's October 22, 2018 Order Granting Anti-SLAPP Motion to Strike and Granting in Part and Denying in Part Motion to Strike Under Rule 12(f) (Dkt. No. 31), Plaintiff Monster Energy Company ("Plaintiff" or "Monster") and Defendants Thunder Beast LLC and Stephen Norberg ("Defendants") hereby submit the following Joint Brief Regarding Plaintiff's Request for Attorneys' Fees.

## PLAINTIFF'S POSITION

### I. INTRODUCTION

This Court's October 22, 2018 Order granted Plaintiff's Anti-SLAPP Motion to Strike and found that Plaintiff is entitled to an award of attorney's fees. Dkt. No. 31 at 7. Plaintiff seeks recovery of $20,985.52 in attorneys' fees for the time spent in connection with the Anti-SLAPP portion of Plaintiff's motion to strike. As described in more detail below, and in the supporting declaration of Paul Stewart ("Stewart Decl.") filed herewith, that fee amount is reasonable. Accordingly, Plaintiff is entitled to recover the requested attorneys' fees.

### II. ARGUMENT

#### A. Applicable Standards

California courts calculate a reasonable statutory fee award by beginning with the lodestar figure, which multiplies the number of hours counsel "reasonably expended" litigating the motion by counsel's "reasonable hourly rate." *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). The lodestar figure is presumptively reasonable. *Orian v. Fed'n Int'l des Droits de L'Homme*, No. CV 11-6904 PSG (FFMx), 2012 WL 994643, at *2 (C.D. Cal. Mar. 22, 2012); *Cunningham v. City of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988). However, the figure may be adjusted based on "such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved." *Wilkerson v. Sullivan*,

99 Cal. App. 4th 443, 448 (2002) (citations omitted); *see also Christie v. Lester*, No. CV 14-08993-RGK (FFMx), 2015 WL 13439821, at *2 (C.D. Cal. Jun. 15, 2015) (identifying additional factors that may be considered).

### B. The Hours Worked in Connection with Plaintiff's Anti-SLAPP Motion Were Reasonable

The Stewart Declaration describes the services performed in connection with the Anti-SLAPP portion of Plaintiff's motion to strike. Mr. Stewart's narrative review of the work is further supported by Exhibit A to his declaration, which provides, on a day-by-day basis, the time entries (including the description of work, time recorded, and amount billed) associated with each attorney whose billings on this matter are being sought.[1] The attorneys on this case were instructed to record time separately for the Anti-SLAPP portion of the motion and the Rule 12(f) portion of the motion where possible. Stewart Decl. ¶ 4. For those time entries (totaling four entries total) that were not specifically segregated between the Anti-SLAPP and Rule 12(f) portions of Plaintiff's motion, Plaintiff only seeks half of the billed amounts.[2] *Id.* ¶ 7; Ex. A at 6. Those time entries are marked with an asterisk in Exhibit A. Ex. A at 6.

---

[1] Redacted copies of the actual client bills have been sent to Defendants' counsel for their review as part of the parties' meet and confer process. To the extent that the Court would like to review the redacted client bills for this matter, Plaintiff can file them under seal for the Court's review.

[2] Plaintiff applied a 50% reduction for those time entries because approximately half of Plaintiff's motion to strike was directed to the Anti-SLAPP argument. For example, the legal argument for the Anti-SLAPP portion of the motion was seven pages and the legal argument for the Rule 12(f) portion was six pages. *See* Dkt. 23. Moreover, Plaintiff could have sought recovery for the entire amount of those time entries (as well as all other time spent in connection with the motion to strike addressing Defendants' affirmative defenses), as the issues addressed by the motion to strike were intertwined. *See, e.g., Earvana, LLC v. Ernie Ball, Inc.*, No. CV 14-2302-R, 2014 WL 12605371, at *2-*3 (C.D. Cal. Dec. 17, 2014).

Plaintiff attempted to avoid the need to file the Anti-SLAPP motion through a pre-filing meet and confer with Defendants' counsel on August 31, 2018, but was unsuccessful because Defendants would not withdraw their unfair competition counterclaim. The work done in preparing the motion was typical of that associated with a relatively complex law and motion matter in federal court, including legal research, drafting, review, meetings, and discussions with the client. Additionally, Defendants filed an opposition which required preparation of a reply brief.

Plaintiff seeks reimbursement for a total of 41.8 hours of attorney time for the Anti-SLAPP motion, which is lower than what courts have previously found to be reasonable in Anti-SLAPP cases. *See*, *e.g.*, *Christie*, 2015 WL 13439821, at *3 ("[P]revious cases have determined 50 hours to be reasonable for anti-SLAPP litigation."). All of the work identified in Exhibit A was also necessary to preparing the motion, including legal research on California's Anti-SLAPP statute and its relation to Defendants' unfair competition counterclaim, drafting the motion, reviewing and revising the draft motion, discussing the motion with the client, and preparing the reply brief. The work was also split between two attorneys—one partner and one associate—who performed non-duplicative tasks. Accordingly, the number of hours worked in connection with the Anti-SLAPP portion of the motion was reasonable.

C.     **The Requested Hourly Rates Are Reasonable**

A reasonable rate is based upon the prevailing market rate in the community for "similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). The relevant community is generally the location in which the Court is located. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). The Court may rely upon its own knowledge of prevailing rates in the relevant

/ / /

legal market, in addition to the evidence presented by the parties. *Ingram v. Oroudijan*, 647 F.3d 925, 928 (9th Cir. 2011).

Here, Plaintiff seeks an award of $625.50/hr for Paul Stewart and $378/hr for Daniel Kiang.[3] As set forth in the Stewart Declaration and supporting documents, these hourly rates are reasonable and within the relevant, prevailing market range. Mr. Stewart has been practicing intellectual property law since 1991 and is a partner at Knobbe Martens. He has significant experience litigating trademark, trade secret, unfair competition, and data privacy claims. *See* Stewart Decl. ¶ 9; Ex. B. Mr. Kiang has been practicing intellectual property law since 2015 and is a fourth-year litigation associate at Knobbe Martens. His experience also extends to trademark litigation. *See* Stewart Decl. ¶ 10; Ex. C.

The American Intellectual Property Law Association ("AIPLA") 2017 Report of the Economic Survey further supports a finding that the hourly rates requested are reasonable and within the relevant, prevailing market range.[4] *See* Stewart Decl., Ex. D. The AIPLA survey is conducted every two years and reports, among other things, the billing rates of intellectual property attorneys, stratified by location and experience. Ex. D at 1. The AIPLA survey has been used as evidence of reasonable attorney billing rates in Anti-SLAPP cases. *See Earvana, LLC v. Ernie Ball, Inc.*, No. CV 14-2302-R, 2014 WL 12605371, at *2 (C.D. Cal. Dec. 17, 2014). While the AIPLA survey was published in 2017, the statistics reported were based on 2016 billing rates. *See* Ex. D at I-27, I-39. Accordingly, the survey does not account for billing rate increases that have

---

[3] These rates are inclusive of any and all discounts provided by Plaintiff's counsel to Plaintiff.

[4] Plaintiff's law firm in this case, Knobbe Martens, specializes in intellectual property law and this case is an intellectual property case. Accordingly, the AIPLA survey, which reports billing rates for intellectual property law attorneys, is relevant here.

occurred since 2016. Nevertheless, the survey shows that the 2018 billing rates of Plaintiff's counsel are reasonable even when evaluated in comparison to 2016 rates.

The AIPLA survey reports that for partners in the Los Angeles area, the median billing rate was $525/hr and the third quartile was $770/hr. *Id.* at I-27. The survey also reports that for associates in the Los Angeles area, the median billing rate was $370/hr and the third quartile was $525/hr. *Id.* at I-39. Both Mr. Stewart's and Mr. Kiang's hourly rates of $625.50/hr and $378/hr, respectively, fall between the median and third quartile for attorneys in Los Angeles.[5]

The reasonableness of Mr. Stewart's and Mr. Kiang's rates are further confirmed by search results from Peer Monitor that were provided to Defendants' counsel. Peer Monitor is a subscription based service offered by Thomson Reuters that allows users to search for attorney billing rate data based on certain criteria such as location and practice group. Stewart Decl. ¶ 12. The Peer Monitor data provided to Defendants' counsel indicated that in California, 4th year associates had a mean billing rate of $618/hr and median billing rate of $620/hr in 2018, while partners with 26-29 years of experience had a mean billing rate of $941/hr and a median billing rate of $895/hr in 2018. Stewart Decl. ¶ 12; Ex. E. Mr. Stewart's and Mr. Kiang's rates are less than these

/ / /

---

[5] The AIPLA survey also reports that nationally the median billing rate for partners with 25-34 years of experience as of 2016 was $490/hr and the third quartile was $675. Ex. D at I-27. The median billing rate nationally for associates with fewer than five years of experience as of 2016 was $280/hr, the third quartile was $360/hr, and the 90th percentile was $525/hr. *Id.* at I-39. This data further supports the reasonableness of Mr. Stewart's and Mr. Kiang's billing rates. Mr. Stewart's hourly rate falls between the median and third quartile. Mr. Kiang's hourly rate is slightly above the third quartile for associates nationally with fewer than 5 years of experience, although this is not unreasonable because Mr. Kiang, as a fourth-year associate, is at the upper end of that category which includes first through fourth year associates.

reported mean and median rates, which further illustrates that the rates are reasonable.

Also relevant to this Court's assessment of reasonable hourly rates are similar decisions on fee issues. Awards of approximately $20,000 have been awarded in California, although some cases award significantly higher fees. *See, e.g., AT&T Mobility LLC v. Yeager*, No. 2:13-cv-00007 KJM DB, 2018 WL 1567819 (E.D. Cal. Mar. 30, 2018) (awarding $20,053.43 for Anti-SLAPP motion); *Orian*, 2012 WL 994643, at *3 (awarding fees and costs of $77,913.23 to one defendant and of $31,758.46 to another defendant for successful Anti-SLAPP motions); *Christie*, 2015 WL 13439821 (awarding $20,790 for Anti-SLAPP motion); *Earvana,* 2014 WL 12605371, at *2-3 (awarding $28,631.50 for Anti-SLAPP motion).

### D.  Summary of Lodestar Calculations

Based on Exhibit A, Mr. Stewart spent 21.4 hours on the Anti-SLAPP portion of the motion. As noted above, Plaintiff has applied a 50% reduction for Mr. Stewart's 0.9 hour time entry on August 23, 2018, bringing the total number of hours down to 20.95. At Mr. Stewart's hourly rate of $625.50 for this matter, the total for his time is $13,104.22.

Mr. Kiang spent 23.2 hours on the Anti-SLAPP portion of the motion. As noted above, Plaintiff has applied a 50% reduction for Mr. Kiang's time entries on August 10, August 13, and August 23, bringing the total number of hours down to 20.85. At Mr. Kiang's hourly rate of $378/hr for this matter, the total for his time is $7,881.30.

Thus, the total requested amount for both attorneys' time is $20,985.52.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court award Plaintiff its reasonable attorneys' fees of $20,985.52 incurred in connection with the Anti-SLAPP portion of its motion to strike.

# DEFENDANTS' POSITION
## I. INTRODUCTION

Plaintiff has asked this Court to award it over twenty thousand dollars ($20,000) in attorneys' fees for preparing what was essentially one-third of a single motion, argued without a hearing. Plaintiff's support for its exorbitant request consists of its own self-serving assertions, skewed and misleading data, and largely improper billing records. As such, Plaintiff has failed to meet its burden of establishing that the number of hours or the hourly rate they have requested are reasonable.

Defendant has recalculated the amount due to Plaintiff based on market research, industry standard practice, and controlling precedent. Based upon this data, Defendant proposes to pay Plaintiff a total of $5,122.00. Defendant's calculations are explained in the argument section below, as well as laid out in the detailed spreadsheet attached as Exhibit A to the Declaration of Eve J. Brown.

## II. APPLICABLE STANDARD

California courts calculate a reasonable statutory fee award in an anti-SLAPP case using the lodestar method, which multiplies the number of hours counsel "reasonably expended" litigating the motion by counsel's "reasonable hourly rate." *AT&T Mobility LLC v. Yeager*, No. 2:13-CV-00007 KJM DB, 2018 WL 1567819, at *1 (E.D. Cal. Mar. 30, 2018). While Plaintiff is correct that the lodestar figure is presumptively reasonable, it is well established that the sum may be adjusted based on "such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved." *Id*.

As the prevailing party, Plaintiff has the burden of submitting records to establish that the number of hours they have requested and the rate they have charged are, in fact, reasonable and supported by the market, as well as by the

facts. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (the burden is upon the party moving for fees "to produce satisfactory evidence ... that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.").

Further, while the court has broad discretion to determine a reasonable award of attorney fees, it must provide a "clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Hall v. Bolger*, 768 F.2d 1148, 1151 (9th Cir. 1985) (court should provide an explanation of the reasonable hours and hourly rate it uses to arrive at fee award). If the plaintiff does not meet its burden of providing satisfactory evidence, the court is unable to provide a clear explanation of its reasoning for the fee award. *See id.*

### III. ARGUMENT

**A. Plaintiff's Record of Hours Worked is Inflated, Duplicative, Vague, and Conflates Tasks Unrelated to the Anti-Slapp Portion of its Motions**

It is within the court's discretion to review Plaintiff's time records to determine whether the hours are adequately documented in a manner that can be properly billed directly to clients. *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000); *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). The court may adjust these hours down if it believes the documentation to be inadequate, if the hours were duplicative, or if they were either excessive or unnecessary. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir.1986). The court also must assess whether the hours claimed are vague, block-billed, or whether the hours in their entirety must be reduced because of limited success in the action (for example, because Plaintiff prevailed only on a portion of its overall claims). *Cotton v. City of Eureka*, 889 F. Supp. 2d 1154, 1176 (N.D. Cal. 2012).

Here, all of the above issues are present. Plaintiff's claimed hours are often duplicative, excessive, vague, unnecessary, and block-billed. Such problematic entries are identified in detail in Exhibit A, which contains Defendant's explanations for each entry's proposed reduction.

Another cause for reduction is that Plaintiff's bills include hours spent, not exclusively on anti-SLAPP claims, but on the unsuccessful portions of Plaintiff's motion to strike that related to Defendant's affirmative defenses. Work performed on these non-anti-SLAPP portions of Plaintiff's motion is <u>not eligible for an attorneys' fee award</u> and must be redacted from Plaintiff's claim. Indeed, Plaintiff's counsel readily acknowledges in the Declaration of Paul A. Stewart and its Exhibit A that its billing entries in this matter conflate time spent on the anti-SLAPP portion of the motion, which is reimbursable, with time spent on the motion to strike affirmative defenses, which is not reimbursable.

To rectify its failure to properly segregate its time, Plaintiff arbitrarily "halved" its entries. Plaintiff's unilateral adjustment is unacceptable. When substantively evaluating Plaintiff's overall motion to strike, it is evident that the anti-SLAPP arguments are merely one part of a combined motion. An analysis of the substance of the motion reveals that, in fact, the majority of Plaintiff's motion was devoted to striking Defendant's affirmative defenses of unclean hands and trademark misuse, with only six out of twenty-five double-spaced pages, or less than one-fourth of the entire motion, related directly to anti-SLAPP.

Accordingly, Plaintiff's unsegregated time should be reduced, not by half, but by three-fourths. This reduction reflects the actual percentage of the motion relating directly to Plaintiff's anti-SLAPP claims. *See Graham–Sult v. Clainos*, 2012 WL 994754, at *4 (N.D. Cal. Mar. 23, 2012) (granting attorneys' fee request for work performed directly on anti–SLAPP motion, but not for work generally related to "reviewing a motion to dismiss"); *Lee–Tzu Lin v. Dignity*

*Health–Methodist Hosp. of Sacramento*, 2014 WL 5698448, at *5 (E.D. Cal. Nov. 4, 2014) (reducing attorneys' fees by 25% where only up to 50% of the arguments presented in the motion to dismiss were in support of the anti-SLAPP motion).

To compromise, and in a good faith gesture to resolve this dispute, Defendant proposes a reduction in Plaintiff's unsegregated time entries by two-thirds. *See* Exhibit A to Declaration of Eve J. Brown.

### B. Plaintiff's Claimed Hourly Rates Must be Adjusted to Reflect Both Controlling Precedent and the Market

Defendant proposes to adjust Plaintiff's hourly rate to reflect the market, controlling precedent, and Defendant's own counsel's hourly rate. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

The above rates are supported by the cases Plaintiff itself cites from within this district, *Christie v. Lester*, 105 WL 13439821 (C.D. Cal. June 5, 2015), and *Earvana, LLC v. Ernie Ball, Inc.*, 2014 WL 12605371 (C.D. Cal. Dec 17 2014), both of which concluded that the reasonable hourly rate for Los Angeles attorneys of significant experience engaged in anti-SLAPP litigation was under $400.

In *Christie*, the court considered a reasonable rate for a Los Angeles attorney with twenty-four years of experience, who was also certified as a specialist by the State Bar of California. Citing *Maughan v. Google Tech., Inc.*, 143 Cal. App. 4th 1242, 1249 (2006), the *Christie* court held that $350 per hour was reasonable for anti-SLAPP litigation in Los Angeles. In light of the specific attorney's extensive expertise in the *Christie* case, the court allowed for an

/ / /

upward adjustment, setting an ultimate rate of $385/hour. *Christie,* 105 WL 13439821, at *2.

In *Earvana,* the court set reasonable hourly rates for Los Angeles attorneys even lower, at $315 for partners and $290 for associates, which it stated were "similar to the prevailing market rate in Los Angeles for comparable litigation." *Earvana*, 2014 WL 12605371, at *2.[6]

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████ *See* Declaration of Eve J. Brown.

### IV. SUMMARY OF CALCULATIONS

Defendant has recalculated Plaintiff's hours to reflect only time spent on that portion of its motion related to anti-SLAPP, and to eliminate improperly duplicative or excessive hours. Defendant has additionally recalculated Plaintiff's hourly rate to reflect the market. These adjustments have resulted in a two-thirds reduction in the number of hours Plaintiff recorded (mirroring the actual percentage of Plaintiff's motion devoted to anti-SLAPP), and a resetting of counsel's hourly rate to $360 for Paul Stewart and $270 for Daniel Kiang.

---

[6] Defendant appreciates that Plaintiff has provided an AIPLA report to support its claimed rates. However, the AIPLA rates are not for anti-SLAPP litigation. Further, the AIPLA report does not distinguish between transactional and litigation IP work, nor between various types of intellectual property. Patent work, for example, is notoriously more expensive than other forms of IP law, due to its heightened licensing and expertise requirements. The AIPLA report combines patent rates with trademark and copyright rates, resulting in a higher average rate than the market actually supports for trademark work such as that performed by counsel in this matter. The report is also anemic with respect to geographic data, citing information from only five individuals in the Los Angeles area. Overall, the AIPLA report is statistically unstable and/or merely anecdotal.

1 | These hourly rates are based upon accepted hourly rates for Los Angeles
2 | partners and associates, respectively, in anti-SLAPP litigation. ██████
3 | ████████████████████████████████████████████████████████████
4 | ██

5 |      Applying the above adjustments, Defendant calculates that a total of
6 | **$5,122.00** may be due to Plaintiff pursuant to the Court's order.

7 | **V. CONCLUSION**

8 |      For the reasons set forth above, Defendant respectfully requests that the
9 | Court find that $5,122.00 represents a reasonable accounting of attorneys' fees
10 | incurred by Plaintiff in connection with the anti-SLAPP portion of its motion to
11 | strike.

12 |      Respectfully submitted,
13 |      KNOBBE, MARTENS, OLSON & BEAR, LLP
14 |
15 | Dated: November 28, 2018    By: */s/ Paul A. Stewart*
16 |      Steven J. Nataupsky
     Lynda J. Zadra-Symes
17 |      Paul A. Stewart
18 |      Matthew S. Bellinger
     Daniel C. Kiang
19 |
20 |      Attorneys for Plaintiff,
     MONSTER ENERGY COMPANY
21 |
22 |      BARTON GILMAN, LLP
23 |
24 | Dated: November 28, 2018    By: */s/ Eve J. Brown (with permission)*
     Eve J. Brown
25 |
26 |      Attorney for Defendants,
     THUNDER BEAST, LLC and STEPHEN
27 |      NORBERG

28 | 29462745