Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Matthew S. Bellinger (SBN 222228)
matt.bellinger@knobbe.com
Marko R. Zoretic (SBN 233952)
marko.zoretic@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THUNDER BEAST LLC, a District of Columbia limited liability company, and<br><br>STEPHEN NORBERG, an individual,<br><br>Defendants. | Case No. 5:18-cv-01367-AB-AS<br><br>**PLAINTIFF MONSTER ENERGY COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' FAIR USE AFFIRMATIVE DEFENSE**<br><br>Date:     August 30, 2019<br>Time:    10:00 a.m.<br>Ctrm.:    7B<br><br>Hon. André Birotte Jr. |

Plaintiff Monster Energy Company ("Monster") submits the following statement of undisputed material facts, together with references to supporting evidence, in support of its Motion for Summary Judgment on Defendants' Fair Use Affirmative Defense.

## I. STATEMENT OF UNDISPUTED FACTS

| Undisputed Fact | Evidence |
|---|---|
| 1. Monster launched its original MONSTER ENERGY® drink in 2002. | Declaration of Marko R. Zoretic ("Zoretic Decl.")[1], Ex. 1 at, e.g., 5 and 7. |
| 2. Monster's original MONSTER ENERGY® drink container displays Monster's MONSTER ENERGY® and UNLEASH THE BEAST!® marks. | Zoretic Decl., ¶ 4; Ex. 3 at 1. |
| 3. After launching its original MONSTER ENERGY® drink in 2002, Monster expanded its MONSTER product line and began using additional marks containing the term BEAST in conjunction with its MONSTER ENERGY® and other MONSTER-inclusive marks. | Exs. 1, 3, 4, and 12. |
| 4. Monster is the owner of numerous U.S. trademark registrations for its BEAST-inclusive marks, including UNLEASH THE BEAST!®, UNLEASH THE NITRO BEAST!®, REHAB THE BEAST!®, | Ex. 4. |

---

[1] All exhibits referred to herein are attached to the Declaration of Marko R. Zoretic.

| | Undisputed Fact | Evidence |
|---|---|---|
| 1 | | |
| 2 | UNLEASH THE ULTRA BEAST!®, and | |
| 3 | PUMP UP THE BEAST!®, among others. | |
| 4-7 | 5.   Monster is the owner of numerous U.S. Trademark Registrations for the MONSTER ENERGY® mark and marks including the term MONSTER | Ex. 1. |
| 8-10 | 6.   Monster is the only company that owns U.S. registered trademarks that include the MONSTER mark for sodas. | Zoretic Decl., ¶ 12; Ex. 11; Ex. 1. |
| 11-14 | 7.   Defendants sell beverages under the mark THUNDER BEAST. | Ex. 2; Ex. 5 at 30:6–31:8; Exs. 49–52; Ex. 6 at 65:21–66:1, 66:15–68:21, 70:11-14, 71:22–72:12, 73:21–74:10. |
| 15-17 | 8.   Defendants claim to have first sold beverages under the THUNDER BEAST mark in 2013. | Ex. 2; Ex. 5 at 30:6–31:8; 32:6-16. |
| 18-23 | 9.   Monster initiated a cancellation proceeding in the U.S. Patent and Trademark Office in January 2016 seeking to cancel a trademark registration owed by Defendant Thunder Beast LLC for the THUNDER BEAST mark. (Cancellation No. 92063037). | Ex. 8. |
| 24-27 | 10.   After the cancellation proceeding began, Defendants added FIGHT MONSTERS to the principal display panel of their beverages and to marketing materials for the products. | Exs. 49-52, 82 and 97; Ex. 6 at 66:4-5, 66:15-69:11, 67:15-68:3, 68:16-72:12; 73:13-75:4, 83:3-19, 194:1-17, 210:6-14, |

| Undisputed Fact | Evidence |
|---|---|
|  | 286:2-287:5; Ex. 7 at 57:1-59:3. |
| 11. An example of Defendants' THUNDER BEAST beverages is shown below: | Ex. 49; Ex. 6 at 66:21-67:13, 98:12-22. |

| Undisputed Fact | Evidence |
|---|---|
| 12. Defendants claim that FIGHT MONSTERS is used "as a call to action, so that Defendants could use its bottles as a platform to inspire others to overcome whatever 'monster' they face in their own lives." | Ex. 9 at 4 (Supplemental Response to Interrogatory 5); *see also* Ex. 82; Ex. 6 at 286:2-287:5. |
| 13. Defendants purportedly use the FIGHT MONSTERS mark in connection with a program under which Defendants claim to donate 10% of their profits to causes that fight "monsters" in society. | Ex. 9 at 4 (Supplemental Response to Interrogatory 5); *see also* Ex. 82; Ex. 6 at 286:2-287:5. |
| 14. Stephen Norberg is the founder and only employee of Thunder Beast LLC. | Ex. 10 at 2 and 4 (Defendants' responses to RFA Nos. 17-20 and 25); Ex. 6 at 7:21–8:7. |
| 15. In response to the question "[W]hy did you pick the term 'monster,'" Stephen Norberg stated, "I think that the word 'monster' most effectively encapsulates a shared experience that most people have of facing something that is evil and it is big and scary and hard and is primarily based in fear." | Ex. 6 at 196:21-197:4. |
| 16. Monster filed its Complaint in this action on June 26, 2018. | Dkt. No. 1. |
| 17. In its Complaint, Monster asserted claims for, *inter alia*, trademark infringement and unfair competition based on Defendants' infringing use of the THUNDER BEAST and | Dkt. No. 1 at ¶¶ 30-83. |

| Undisputed Fact | Evidence |
|---|---|
| FIGHT MONSTERS marks in connection with their beverages. | |
| 18. Defendants filed their First Amended Answer in this case on August 20, 2018. | Dkt. No. 21. |
| 19. Defendants' First Amended Answer contained an affirmative defense of "Fair Use," alleging that "[a]ny use by Defendants of trademarks owned by Plaintiff was fair use made for comment and criticism, and not trademark use." | Dkt. No. 21 at 10. |
| 20. Defendants have raised the fair use defense only with respect to their use of the FIGHT MONSTERS mark, and not with respect to the THUNDER BEAST mark. | Ex. 9 at 5–6 (Supplemental Response to Interrogatory 13); Dkt. No. 21 at 10. |
| 21. Defendants do not contend that they use the FIGHT MONSTERS mark in a descriptive sense to describe their own beverages, such as describing how the beverages taste. | Ex. 9 at 5–6 (Supplemental Response to Interrogatory 13.) |
| 22. Defendants' pleading of the fair use affirmative defense does not allege that Defendants use the term FIGHT MONSTERS to describe their own products. | Dkt. No. 21 at 10. |
| 23. Defendants admit that they purportedly do not use the FIGHT MONSTERS mark to identify Plaintiff Monster Energy or to idenfity any of Monster's products. | Ex. 9 at 5–6 (Supplemental Response to Interrogatory 13). |

| | Undisputed Fact | Evidence |
|---|---|---|
| | 24. Below is a Thunder Beast flyer that Stephen Norberg testified was "a written sort of explanation of what the Fight Monsters mission is all about."<br><br>**#FightMonsters**<br><br>Thunder Beast makes very delicious root beer. We're not going to pretend like that's not part of this. But our **real mission** and true purpose is far greater than just crafting tasty drinks.<br><br>**Thunder Beast exists because we want to make our world a better place.**<br><br>While we are all about chasing dreams and living passionately, our primary objective is to take a stand against the monsters out there oppressing and destroying the good things in life.<br><br>Everyone has a monster that they must overcome. For some it's a bully at school or work. For others, it's dealing with sexual harassment or discrimination in everyday life. And for far, far too many that monster is human trafficking.<br><br>There are more monsters and injustices in this world than we can count, but we are taking a stand. We are going to take them on, face them down, and fight it out to the end!<br><br>Join Thunder Beast in our mission: **Drink Thunder. Fight Monsters!**<br><br>**We Donate 10%**<br><br>Thunder Beast donates 10% of profits to causes that Fight Monsters, and we are always looking for new partnerships and future collaborations. | Ex. 82; Ex. 6 at 286:2-287:5. |
| | 25. Stephen Norberg testified as follows:<br>Q.   So did you intend consumers to think of Monster Energy when they saw Fight Monsters on the label?<br>A.   No.  I did not want people to think about Monster Energy directly, which is why I didn't | Ex. 6 at 198:7-198:21. |

| Undisputed Fact | Evidence |
|---|---|
| say Monster Energy or something similar. I assumed that people would read my story and they would hear about my bullying and think it's unfair, but I would be happy if no one ever thinks of Monster Energy ever again in connection with me, and I would much rather them just see the monster in whatever connotation that word has in their mind from their life and past experience, which I think is just this kind of generic really evil scary being, that that is what would inspire them. | |
| 26. Defendants admit that their use of the FIGHT MONSTERS mark does not serve to compare Defendants' products with any of Monster's products. | Ex. 6 at 253:7-12. |
| 27. Monster sponsors the Ultimate Fighting Championship and UFC athletes. | Zoretic Decl., Ex. 13. |

## II. CONCLUSIONS OF LAW

### A. Standard for Summary Judgment

1. Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Simo v. Union of Needletrades, Indus. & Textile Employees,* 322 F.3d 602, 609-10 (9th Cir. 2003).

2. Where the non-moving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

**B.** **Fair Use**

3. Fair use falls into two catergories—classic and nominative. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150 (9th Cir. 2002).

4. Classic fair use occurs where "the defendant has used the plaintiff's mark to describe the defendant's *own* product." *Id*. (internal quotation marks omitted) (emphasis in original). The Ninth Circuit has explained:

> A good example of classic fair use is *In re Dual–Deck Video Cassette Recorder Antitrust Litig.,* 11 F.3d 1460 (9th Cir. 1993). In that case, the plaintiff sold a videocassette recorder, which had two decks in one machine, under the trademark ''VCR–2.'' *See id.* at 1462. The defendant sold receivers and other machines to which two videocassette recorders could be attached and labeled the relevant terminals on the backs of its machines ''VCR–1'' and ''VCR–2.'' *See id.* Thus, the defendant used the mark ''VCR–2'' only to describe its own products, to which any second VCR could be attached, and not at all to describe the plaintiff's product or any other particular VCR. Accordingly, the classic fair use analysis was appropriate. We held that ''[t]he uses were descriptive, and there is no evidence from which an inference of bad faith could be drawn.'' *Id.* at 1467.

*Cairns*, 292 F.3d at 1151 n. 9.

5. To establish classic fair use, Defendants must prove that (i) they do not use FIGHT MONSTERS as a trademark or service mark; (ii) they use FIGHT MONSTERS "fairly and in good faith"; and (iii) they use FIGHT MONSTERS "only to describe" Defendants' goods. *Id*. at 1151.

6. Nominative fair use occurs where the "defendant has used the plaintiff's mark to describe the *plaintiff's* product." *Id*. (internal quotation marks omitted) (emphasis in original).

-8-

7. To establish nominative fair use, Defendants must prove that they are using Monster's mark to refer to Monster and (i) Monster's products are not readily identifiable without using Monster's mark, (ii) Defendants have used only so much of the mark as is reasonably necessary to identify Monster's products, and (iii) Defendants have done nothing, in conjunction with their use of the mark, that would suggest sponsorship or endorsement by Monster. *Cairns*, 292 F.3d at 1151 (citing *New Kids on the Block v. New Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir. 1992)).

8. Defendants bear the burden of proving their fair use defense. *Cairns*, 292 F.3d at 1151.

### C. Defendants' Use of the FIGHT MONSTERS Mark is Not Classic Fair Use

9. Defendants' use of FIGHT MONSTERS cannot be classic fair use as a matter of law because Defendants do not use FIGHT MONSTERS to describe their own goods. *See Cairns*, 292 F.3d at 1150-51.

### D. Defendants' Use of the FIGHT MONSTERS Mark is Not Nominative Fair Use

10. Defendants' use of FIGHT MONSTERS cannot be nominative fair use as a matter of law because they are not using FIGHT MONSTERS to identify Monster Energy or its products, or to compare Defendants' products with Monster's products. *See Cairns*, 292 F.3d at 1150-1151; *Warner Bros. Entm't v. Glob. Asylum, Inc.*, CV12-9547-PSG, 2012 WL 6951315, at *19 (C.D. Cal. Dec. 10, 2012), *aff'd sub nom.*, 544 Fed. App'x 683 (9th Cir. 2013); *Align Technology, Inc. v. Strauss Diamond Instruments, Inc.*, No. 18-cv-06663-TSH, 2019 WL 1586776, at *5-6 (N.D. Cal. Apr. 12, 2019) (defendant's use of plaintiff's marks did not qualify as nominative fair use because defendant used the marks to refer to its own products, not to refer to the plaintiff's product); *AVCO Corporation v. Turn and Bank Holdings*, LLC, No. 4:12-cv-01313, 2018

WL 1706359, at *10 (M.D. Pa. Apr. 9, 2018) (no nominative fair use where marks were used to label defendant's own product rather than to refer to the trademark owner's products).

11. Defendants' use of FIGHT MONSTERS cannot be nominative fair use because Defendants cannot show that they have done nothing, in conjunction with their use of FIGHT MONSTERS on beverage labels, that would suggest sponsorship or endorsement by Monster. *Cairns*, 292 F.3d at 1151 (noting that one element of nominative fair use is that the defendant has done nothing, in conjunction with its use of the plaintiff's mark, that would suggest sponsorship or endorsement by the plaintiff).

12. Monster is entitled to summary judgement against Defendants on their fair use affirmative defense.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 26, 2019        By: */s/ Marko R. Zoretic*
                                Steven J. Nataupsky
                                Lynda J. Zadra-Symes
                                Matthew S. Bellinger
                                Marko R. Zoretic

                            Attorneys for Plaintiff,
                            MONSTER ENERGY COMPANY

30653744