Page 1

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

MONSTER ENERGY　　　　　　　: OPPOSITION NO.
COMPANY,　　　　　　　　　　: 92063037
Petitioner　　　　　　　　　:
　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　:
　　　　　　　　　　　　　　　:
THUNDER BEAST, LLC,　　　　　:
Registrant　　　　　　　　　 :

\* \* \*

THURSDAY, MARCH 30, 2017

VOLUME 1

\* \* \*

Oral deposition of STEPHEN NORBERG taken at the law offices of Knobbe Martens Olson & Bear, LLP, 1717 Pennsylvania Avenue NW, Suite 900, Washington, DC, commencing at 9:02 a.m. before Debbie Leonard, Registered Diplomate Reporter, Certified Realtime Reporter.

_____

DIGITAL EVIDENCE GROUP

1730 M Street, NW, Suite 812

Washington, D.C. 20036

(202) 232-0646

```
1   APPEARANCES:

        KNOBBE MARTENS OLSON & BEAR, LLP
2       By:   JULIANNA M. SIMON, ESQ.
        2040 Main Street
3       14th Floor
        Irvine, California 92614
4       (949) 760-0404
        julianna.simon@knobbe.com
5       Representing the Petitioner
6

        BRICOLAGE LAW, LLC
7       By:   EVE J. BROWN, ESQ.
              PAUL F. NAGY, ESQ.
8       1080 Beacon Street, 4D
        Brookline, Massachusetts 02446
9       (617) 651-1979
        ejbrown@bricolagelaw.com
10      pfnagy@bricolagelaw.com
11      Representing the Registrant
12
13
14
15
16
17
18
19
20
21
22
```

```
 1                    INDEX TO WITNESSES

 2    WITNESS:      STEPHEN NORBERG                    PAGE

 3    BY MS. SIMON                                      10

 4

 5                     INDEX TO EXHIBITS

 6                                                     PAGE

 7    EXHIBIT       DESCRIPTION                       MARKED

 8    Exhibit 1     Petitioner's Amended Notice        19

 9                  of Deposition of Thunder

10                  Beast, LLC Pursuant to Fed.

11                  R. Civ. P 30(b)(6)

12    Exhibit 2     United States Patent and           30

13                  Trademark Office

14                  Registration

15                  Reg. No. 4,772,758

16                  TB00001MEC

17    Exhibit 3     Trademark Electronic               31

18                  Application System (TEAS)

19                  filing receipt

20                  TB00103MEC - 106MEC

21    Exhibit 4     Photograph of bottles of           51

                    Thunder Beast ginger beer

22                  TB00012MEC
```

1　　　　　　　　　　*　*　*

2　　　　　　　　STEPHEN NORBERG,

3　　having been first duly sworn, testified as

4　　follows:

5　　　　　　　　　　*　*　*

6　　　　　　　　　EXAMINATION

7　　　　　　　　　　*　*　*

8　　BY MS. SIMON:

9　　　　　Q.　　Please state your name and address

10　　for the record.

11　　　　　A.　　Stephen Norberg, 318 I Street

12　　Northeast, Apartment 208, Washington, DC, 20002.

13　　　　　Q.　　Have you ever been deposed before?

14　　　　　A.　　No.

15　　　　　Q.　　The court reporter is creating a

16　　written transcript of every question and answer.

17　　Please wait to answer until I finish the question.

18　　　　　　　　Please provide a verbal response

19　　to my questions.  Don't nod or anything, if it's a

20　　yes-or-no question.

21　　　　　　　　If you don't understand one of my

22　　questions, please ask me to clarify.

1   site before, because a lot of energy drinks are
2   very present online and elsewhere.
3        Q.   During your research, did you come
4   across any articles about Monster Energy?
5        A.   Not that I can recall, previous to
6   getting the -- previous to having my trademark
7   contested.
8        Q.   But it's possible that you could
9   have come across an article about Monster Energy?
10       A.   Yes.
11       Q.   So I'd now like to introduce this
12  document.
13            MS. SIMON:  Court reporter, will
14  you please mark this as Exhibit 1.
15            THE REPORTER:  Can we go off the
16  record real quick?
17            MS. SIMON:  Sure.
18                  *  *  *
19            (Off-the-record discussion.)
20                  *  *  *
21            (Exhibit 1 marked for
22       identification.)

3/30/2017          Monster Energy Company v. Thunder Beast, LLC          Stephen Norberg

Page 20

```
 1                        *   *   *
 2    BY MS. SIMON:
 3          Q.     Mr. Norberg, can you please take a
 4    look at this document.
 5          A.     Would you like me to read it?
 6          Q.     Yeah, if you can take a look at
 7    it.
 8          A.     Okay.
 9                 (Reviewing.)
10          Q.     Have you seen this document
11    before?
12          A.     I don't believe so.
13          Q.     Does this document identify
14    subject matter that will be covered in this
15    deposition?
16          A.     I would think so.
17          Q.     Do you understand that you have
18    been identified by Thunder Beast LLC as the person
19    most knowledgeable about the subject matters
20    identified in that document?
21          A.     Yes.
22          Q.     Do you understand that you are
```

1    here as a corporate representative of Thunder
2    Beast?
3         A.    Yes.
4         Q.    Since you are the designated
5    person to testify on behalf of your company, if I
6    say the terms "you," I mean to -- I mean that to
7    refer to the company and the knowledge you have as
8    the company's person most knowledgeable about the
9    subject listed in the notice.  Do you understand?
10        A.    Yes.
11        Q.    So the first topic listed in this
12   deposition notice is documents and things produced
13   by Thunder Beast in this proceeding.
14              Did you prepare to testify about
15   this topic?
16        A.    What do you mean by "prepare"?
17        Q.    Did you review any documents to
18   testify about that topic?
19        A.    I did the discovery process and
20   went through those documents that were required,
21   but I have not looked at any additional documents
22   specifically for this deposition.

Page 29

1    speaking to your wife and attorney and posting on

2    social media in a personal capacity, you did not

3    do anything to prepare for this deposition?

4         A.    That's correct.

5         Q.    And you did not review any

6    documents?

7         A.    I did not review documents.

8         Q.    Who owns Thunder Beast LLC?

9         A.    I do.

10        Q.    Does Thunder Beast have any

11   affiliates?

12        A.    How would you define an affiliate?

13        Q.    Any related entity or person.

14        A.    No.

15        Q.    Thunder Beast does not have any

16   subsidiaries; is that correct?

17        A.    That's correct.

18        Q.    Is Thunder Beast related to

19   rootbeerkegs.com?

20        A.    No, it's not.

21        Q.    How many employees does Thunder

22   Beast have?

1    A.    I am the only person that works

2 there.

3    Q.    So there are no other employees

4 that work underneath you?

5    A.    No.

6          MS. SIMON:  Court reporter, will

7 you please mark this document as Exhibit 2.

8                    *  *  *

9          (Exhibit 2 marked for

10         identification.)

11                   *  *  *

12 BY MS. SIMON:

13   Q.    Have you seen this document

14 before?

15   A.    Yes, I have.

16   Q.    What is it?

17   A.    It is the trademark for Thunder

18 Beast, which I own.

19   Q.    What was your involvement in the

20 trademark application process?

21   A.    I filed the application.

22   Q.    Did you prepare the statement of

1 use for the application?

2 　　A.　Yes.

3 　　Q.　Did you also prepare the specimen
4 for the application?

5 　　A.　Yes.

6 　　Q.　Did you sign the trademark
7 application for the Thunder Beast mark?

8 　　A.　Yes.

9 　　　　MS. SIMON: Court reporter, will
10 you please mark this exhibit as Exhibit 3.

11 　　　　　* * *

12 　　　　(Exhibit 3 marked for
13 　　　　identification.)

14 　　　　　* * *

15 BY MS. SIMON:

16 　　Q.　Have you seen this document
17 before?

18 　　A.　I think so.

19 　　Q.　What is this document?

20 　　A.　I believe it is information about
21 the Thunder Beast trademark from the USPTO.

22 　　Q.　Is this the receipt of your

1   trademark application?

2        A.    I think so.

3        Q.    Is your electronic signature on
4   page TB00106MEC of this document?

5        A.    Yes.

6        Q.    What is the first use date of the
7   Thunder Beast mark identified in the application?

8        A.    Where is the date? I see. It
9   says the first use was as early as April 9th,
10  2012. The first use in commerce at least as early
11  as 9/14/2013.

12       Q.    What is the basis for alleging
13  that the first use in commence date is
14  September 14, 2013?

15       A.    That is when I first sold a
16  product bearing the Thunder Beast name.

17       Q.    Where did this sale take place?

18       A.    I believe the first sale was at an
19  outdoor concert at Union Kitchen in Washington,
20  DC.

21       Q.    What is Union Kitchen?

22       A.    It is a commercial kitchen in

1   since then, and I had forgotten that I had done

2   this and know that I did not spend very much time

3   on it other than a quick Google search, so I don't

4   think it would come to mind.

5           MS. SIMON: Could we take another

6   recess?

7                 *  *  *

8           (Witness excused.)

9                 *  *  *

10          (Off the record at 5:27 p.m.)

11                 *  *  *

12

13

14

15

16

17

18

19

20

21

22

Page 355

1　　　　　　　　　C E R T I F I C A T E
2　　　　　　I do hereby certify that I am a Notary
3　　　Public in good standing, that the aforesaid
4　　　testimony was taken before me, pursuant to notice,
5　　　at the time and place indicated; that said
6　　　deponent was by me duly sworn to tell the truth,
7　　　the whole truth, and nothing but the truth; that
　　　　the testimony of said deponent was correctly
8　　　recorded in machine shorthand by me and thereafter
　　　　transcribed under my supervision with
9　　　computer-aided transcription; that the deposition
　　　　is a true and correct record of the testimony
10　　　given by the witness; and that I am neither of
　　　　counsel nor kin to any party in said action, nor
11　　　interested in the outcome thereof.
　　　　　　　WITNESS my hand and official seal this
12　　　12th of April, 2017.
13
14
15
16
17
18
19
20
21　　　　　　　　　　　　_____
　　　　　　　　　　　　　　Debbie Leonard, RDR, CRR
22　　　　　　　　　　　　　Notary Public

3/30/2017　　　　Monster Energy Company v. Thunder Beast, LLC　　　　Stephen Norberg

Page 357

1　　Digital Evidence Group, L.L.C.
　　　1730 M Street, NW, Suite 812
2　　Washington, D.C. 20036
　　　(202) 232-0646
3

4　　SIGNATURE PAGE
　　　Case: Monster Energy Company v. Thunder Beast, LLC
5　　Witness Name: Stephen Norberg
　　　Deposition Date: March 30, 2017
6

7　　I do hereby acknowledge that I have read
　　　and examined the foregoing pages
8　　of the transcript of my deposition and that:
9

10　　(Check appropriate box):
　　　(   ) The same is a true, correct and
11　　complete transcription of the answers given by
　　　me to the questions therein recorded.
12　　(✓) Except for the changes noted in the
　　　attached Errata Sheet, the same is a true,
13　　correct and complete transcription of the
　　　answers given by me to the questions therein
14　　recorded.
15

16　　__7-11-17__　　　　_Stephen Norberg_
17　　　DATE　　　　　　　WITNESS SIGNATURE
18
19
20
21　　_____　　　_____
22　　　DATE　　　　　　　NOTARY

| 3/30/2017 | Monster Energy Company v. Thunder Beast, LLC | Stephen Norberg |

```
                                                          Page 358
 1    Digital Evidence Group, LLC
 2    1730 M Street, NW, Suite 812
 3    Washington, D.C.  20036
 4    (202)232-0646
 5
 6                    ERRATA SHEET
 7
 8    Case: Monster Energy Company v. Thunder Beast, LLC
 9    Witness Name: Stephen Norberg
10    Deposition Date: March 30, 2017
11    Page No.    Line No.        Change
12       219         18          CRU C-R-U
13
14
15
16
17
18
19
20
21    _Stephen Norberg_____    __7-11-17___
22         Signature                         Date
```

www.DigitalEvidenceGroup.com    Digital Evidence Group C'rt 2017    202-232-0646

**Exhibit 5**
**-78-**