# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, | ) |
| | ) |
| Plaintiff, | ) Case No: 5:18-cv-01367-AB-AS |
| | ) |
| v. | ) |
| | ) |
| THUNDER BEAST, LLC, and | ) |
| STEPHEN NORBERG, | ) |
| Defendants. | ) |
| | ) |

## SECOND SUPPLEMENTAL RESPONSES TO MONSTER ENERGY COMPANY'S FIRST SET OF INTERROGATORIES (NOS. 1-14)

Defendants Thunder Beast, LLC and Stephen Norberg ("Defendants") hereby provide additional supplemental responses to Plaintiff Monster Energy Company ("Plaintiff")'s First Set of Interrogatories (Nos. 1-14). These responses are based upon information and records presently available to Defendants. As discovery is ongoing, Defendants reserves their right to supplement these responses as necessary.

## GENERAL OBJECTIONS

The following general objections are incorporated by reference into each and every response set forth below and are not waived with respect to any response.

1. Defendants object to Plainitff's definitions to the extent they exceed the requirements of, or purport to create obligations greater than, those imposed by the Federal Rules of Civil Procedure.

2. Defendants object to the extent that any Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, or other limitation on discovery.

**Exhibit 9**
**-129-**

3.  Defendants object to the extent that any Interrogatory seeks information not relevant to this proceeding or not reasonably calculated to the lead to the discovery of admissible evidence.

4.  Defendants object to the extent that any Interrogatory seeks information not in Defendants' possession, custody, or control.

5.  Defendants object to the extent that any Interrogatory is overbroad, lacks reasonable specificity, or seeks information that would be unduly burdensome for Defendants to provide.

6.  Defendants object to the extent that any Interrogatory contains discrete subparts contrary to FRCP 33(a).

## SUPPLEMENTAL RESPONSES TO SELECT INTERROGATORIES

**INTERROGATORY NO. 2:**

For each product identified in response to Interrogatory No. 1, identify the date the product was first sold and its average wholesale and retail price.

**SUPPLEMENTAL RESPONSE:**

Defendant Thunder Beast, LLC has already identified to Plaintiff its products, the dates each product was first sold, and the average price of its products. To supplement its responses, Defendants provide the following individual price listings for each of its products.

$3 American Root Beer in 16 oz plastic cup
$6 Root Beer Float with vanilla ice cream in 16 oz plastic cup
$3 Seasonal Root Beer in 16 oz plastic cup
$3 Ginger Beer in 16 oz plastic cup
$6 Ginger Beer Float with vanilla ice cream in 16 oz plastic cup
$8 Ginger Beer in 32 oz refillable glass growler
$3 Strawberry Ginger Beer in 16 oz plastic cup
$8 Strawberry Ginger Beer in 32 oz refillable glass growler
$3 Black Raspberry Ginger Beer in 16 oz plastic cup
$8 Black Raspberry Ginger Beer in 32 oz refillable glass growler
$3 Peach Ginger Beer in 16 oz plastic cup
$8 Peach Ginger Beer in 32 oz refillable glass growler
$3 Ginger Cider in 16 oz plastic cup
$3.50 Cold-brew coffee in 12 oz plastic cup
$4.50 Cold-brew coffee in 16 oz plastic cup
$7 Cold-brew coffee ice cream float in 16 oz plastic cup

**INTERROGATORY NO. 5:**

Describe in detail the reasons You selected and began using the FIGHT MONSTERS mark, or any other marks or phrases containing FIGHT MONSTERS, but not limited to, describing the reasons You decided to place the mark(s) on Your beverage containers.

**SUPPLEMENTAL RESPONSE:**

Defendants do not use FIGHT MONSTERS as a mark or source identifier. Defendants chose to add FIGHT MONSTERS to its bottles as a call to action, so that Defendants could use its bottles as a platform to inspire others to overcome whatever "monster" they face in their own lives. For some, it may be a bully at school or work. For others, it's dealing with harassment, sexual violence, or discrimination. For Defendants, that "monster" was Plaintiff Monster Energy Company. "Monsters" represent injustices, which Defendants are committed to battling and to empowering others to battle. As part of this mission, Defendants donate a minimum of 10% of their profits to causes that Fight Monsters.

**INTERROGATORY NO. 11:**

Describe in detail, with reference to any supporting documents, information, and materials, the complete factual and legal basis for Your affirmative defense of "Statute of Limitations."

**SUPPLEMENTAL RESPONSE:**

Defendants object on the grounds that this Interrogatory seeks legal arguments and conclusions to which Plaintiff is not entitled through the discovery process. Defendants further object to the extent that, as discovery is still ongoing, Defendants have not yet gathered all facts or documents relevant to its affirmative defenses, nor have Defendants completed their legal investigation into California or the Ninth Circuit's statutes of limitations for the causes of action stated in Plaintiff's Complaint. Without waiving these objections, Defendants state that, upon information and belief, Plaintiff knew or should have known about Defendants' sale of its products four years prior to Plaintiff

bringing this lawsuit, as shown by Plaintiff's prior testimony and by Plaintiff's prior action against Defendants before the TTAB.

**INTERROGATORY NO. 12:**

Describe in detail, with reference to any supporting documents, information, and materials, the complete factual and legal basis for Your affirmative defense of "Laches."

**SUPPLEMENTAL RESPONSE:**

Defendants object on the grounds that this Interrogatory seeks legal arguments and conclusions to which Plaintiff is not entitled through the discovery process. Defendants further object to the extent that, as discovery is still ongoing, Defendants have not yet gathered all facts or documents relevant to its affirmative defenses, nor have Defendants completed their legal investigation or legal research with respect to this case. Without waiving these objections, Defendants state that the equitable defense of laches applies to actions under the Lanham Act, and has barred actions such as Plaintiff's brought within the Ninth Circuit when a party waited to bring a lawsuit for several years after the cause of action arose, thereby prejudicing and harming the defendant. *See, e.g.,* Cosmetic Warriors v. Pinkette Clothing, 894 F.3d 1015 (2018); *see also* McCarthy on Trademarks §§ 20:74, 76. In this case, Plaintiff knew about Defendants' use of THUNDER BEAST in 2014, but did not choose to bring the current lawsuit until 2018, subjecting Plaintiff to the laches defense.

**INTERROGATORY NO. 13:**

Describe in detail, with reference to any supporting documents, information, and materials, the complete factual and legal basis for Your affirmative defense of "Fair Use."

**SUPPLEMENTAL RESPONSE:**

Defendants object on the grounds that this Interrogatory seeks legal arguments and conclusions to which Plaintiff is not entitled through the discovery process. Defendants further object to the extent that, as discovery is still ongoing, Defendants have not yet gathered all facts or documents relevant

to its affirmative defenses, nor have Defendants completed their legal investigation or legal research with respect to this case. Without waiving these objections, Defendants state that their use of FIGHT MONSTERS is not used as a trademark or source identifier, and that use of MONSTERS within the FIGHT MONSTERS call to action does not suggest sponsorship or endorsement by Plaintiff of Defendant or Defendants' products. To the extent that Defendants have referred to Plaintiff Monster Energy Company as an example or illustration of the type of "monster" Defendants strive to conquer, Defendants explicitly identify Monster Energy in order to report Defendants' negative experience with Plaintiff and to express a truthful and critical commentary on Plaintiff and its business practices. Such references to Plaintiff do not imply affiliation or sponsorship; to the contrary, Defendants' remarks serve to shed light upon Plaintiff's unethical and unlawful behavior and to encourage people to stand against corporate bullying.

**INTERROGATORY NO. 14:**

Describe in detail, with reference to any supporting documents, information, and materials, the complete factual and legal basis for Your affirmative defense of Trademark Misuse.

**SUPPLEMENTAL RESPONSE:**

Defendants object on the grounds that this Interrogatory seeks legal arguments and conclusions to which Plaintiff is not entitled through the discovery process. Defendants further object to the extent that, as discovery is still ongoing, Defendants have not yet gathered all facts or documents relevant to its affirmative defenses, nor have Defendants completed their legal investigation or legal research with respect to this case. Without waiving these objections, Defendants state that Plaintiff has brought this action, together with over 1,000 other lawsuits, not to address trademark infringement but to gain a monopoly over a common dictionary word, in contravention of the Lanham Act. In asserting its trademark in a manner beyond that in which the law allows in order to abuse the judicial process and obtain unfair advantage over competition, Plaintiff has misused its trademarks. Plaintiff is aware that

its multitude assertions of trademark infringement against third parties lack merit. Plaintiff intentionally asserts its trademarks in unethical, unfair, and unlawful manners, and for improper purposes including harassment, delay, and intimidation.

## VERIFICATION

The foregoing Responses are based on a diligent and reasonable effort by me to obtain information currently available.  I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available.  Subject to these limitations, these Responses are true to the best of my present knowledge, information, and belief.  **Subscribed and sworn to under the pains and penalties of perjury.**

Dated: January 29, 2019

    /Stephen Norberg/
Stephen Norberg, individually and
on Behalf of THUNDER BEAST, LLC
DEFENDANTS

As to objections and legal responses:

/Eve J. Brown/
Eve J. Brown

- 8 -

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel for Plainitff, Daniel Kiang of Knobbe Martens Olson & Bear LLP, 2040 Main Street, 14th Floor, Irvine, CA 92614, by e-mail to Daniel.Kiang@knobbe.com, this 29th day of January, 2019.

_____
Eve J. Brown

Exhibit 9
-135-