Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Matthew S. Bellinger (SBN 222228)
matt.bellinger@knobbe.com
Marko R. Zoretic (SBN 233952)
marko.zoretic@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THUNDER BEAST LLC, a District of Columbia limited liability company, and<br><br>STEPHEN NORBERG, an individual,<br><br>Defendants. | Case No. 5:18-cv-01367-AB-AS<br><br>**PLAINTIFF MONSTER ENERGY COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' FAIR USE AFFIRMATIVE DEFENSE**<br><br>Date:  August 30, 2019<br>Time:  10:00 a.m.<br>Ctrm:  7B<br><br>Hon. André Birotte Jr. |

# TABLE OF CONTENTS

**Page No.**

I. THERE IS NO GENUINE DISPUTE THAT DEFENDANTS' USE OF "FIGHT MONSTERS" IS NOT CLASSIC FAIR USE ..................................................................................................... 1

II. THERE IS NO GENUINE DISPUTE THAT DEFENDANTS' USE OF "FIGHT MONSTERS" IS NOT NOMINATIVE FAIR USE ..................................................................................................... 1

III. DEFENDANTS' FIRST AMENDMENT ARGUMENT DOES NOT PRECLUDE SUMMARY JUDGMENT ........................................... 6

IV. CONCLUSION ................................................................................. 7

# TABLE OF ATHORITIES

Page No(s).

*Align Technology, Inc. v. Strauss Diamond Instruments, Inc.*,
  No. 18-cv-06663-TSH, 2019 WL 1586776
  (N.D. Cal. Apr. 12, 2019) .................................................................................. 4

*AVCO Corp. v. Turn and Bank Holdings*,
  LLC, No. 4:12-cv-01313, 2018 WL 1706359 .................................................... 4

*Bias v. Moynihan*,
  508 F.3d 1212 (9th Cir. 2007) ............................................................................ 1

*Brach Van Houten Holding, Inc. v. Save Brach's
Coalition for Chicago*,
  856 F. Supp. 472 (N.D. Ill. 1994) ....................................................................... 7

*Cairns v. Franklin Mint Co.*,
  292 F.3d 1139 (9th Cir. 2002) ........................................................................ 2, 4

*E.S.S Entm't 2000, Inc. v. Rock Star Videos, Inc.*,
  547 F.3d 1095 (9th Cir. 2008) ........................................................................ 3, 6

*Electronic Arts, Inc. v. Textron Inc.*,
  103 U.S.P.Q.2d 1984, 2012 WL 3042668 (N.D. Cal. 2012) ............................. 5

*Gordan v. Drape Creative, Inc.*,
  909 F.3d 257 (9th Cir. 2018) .............................................................................. 6

*Hustler Magazine Inc. v. Moral Majority Inc.*
  796 F.2d 1148 (9th Cir. 1986) ............................................................................ 5

*Leadsinger, Inc. v. BMG Music Publ'g*,
  512 F.3d 522 (9th Cir. 2008) .............................................................................. 5

*Mattel, Inc. v. MCA Records, Inc.*,
  296 F.3d 894 (9th Cir. 2010) .............................................................................. 6

*New Kids on the Block v. News Am. Publ'g, Inc.*
  971 F.2d 302 (9th Cir. 1992) .............................................................................. 5

# TABLE OF AUTHORITIES
*(cont'd)*

**Page No.(s).**

*Rogers v. Grimaldi*,
 875 F.2d 994 (2d Cir. 1989) .................................................................................. 6

*Toyota Motors Sales, U.S.A., Inc. v. Tabari*,
 610 F.3d 1171 (9th Cir. 2010) .............................................................................. 5

*Warner Bros. Entm't, v. Glob. Asylum, Inc.*,
 CV12-9547-PSG, 2012 WL 6951315, *aff'd sub nom.*, 544 Fed.
 App'x 683 (9th Cir. 2013) .................................................................................... 4

*Worldwide Church of God v. Phila. Church of God, Inc.*,
 227 F.3d 1110 (9th Cir. 2000) .............................................................................. 5

*Yeager v. Bowlin*,
 693 F.3d 1076 (9th Cir. 2012) .............................................................................. 3

## OTHER AUTHORITIES

1 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR
 COMPETITION § 4:17 (5th ed.) ............................................................................. 5

Lanham Act .................................................................................................................. 6

Local Rule 56-2 ........................................................................................................... 1

Monster submits this reply in support of its Motion for Summary Judgment on Defendants' fair use affirmative defense. Defendants have failed to raise any genuine dispute of material fact that would defeat Monster's motion.[1] Accordingly, summary judgment in favor of Monster is appropriate.

## I. THERE IS NO GENUINE DISPUTE THAT DEFENDANTS' USE OF "FIGHT MONSTERS" IS NOT CLASSIC FAIR USE

Defendants failed to respond to Monster's arguments that Defendants' use of FIGHT MONSTERS is not classic fair use. Indeed, Defendants admit that their fair use defense is ***not*** based on classic fair use. *See* Dkt. No. 56 at 8:18-21 ("Defendants' fair use defense ***focuses on the nominative use*** of 'FIGHT MONSTERS' . . . .") (emphasis added).

## II. THERE IS NO GENUINE DISPUTE THAT DEFENDANTS' USE OF "FIGHT MONSTERS" IS NOT NOMINATIVE FAIR USE

Defendants fail to raise a genuine dispute that they allegedly do not use the FIGHT MONSTERS mark to identify Plaintiff Monster Energy or to identify any of Monster's products.[2] It is undisputed that Defendants are using

---

[1] Defendants did not file any Statement of Genuine Disputes as required by Local Rule 56-2 or the Court's Standing Order in this case (Dkt. No. 9 at 8). Consequently, the Court should find that the facts recited in Monster's Statement of Undisputed Facts are undisputed. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court does not have a duty to search for evidence that would create a factual dispute.").

[2] Defendants' *ad hominem* attacks and factual misstatements do not create a genuine dispute. Defendants also falsely accuse Monster of filing the present Motion as part of a strategy to "exhaust Defendants' resources." *Id.* at 6. The only prior motion filed by Monster was an Anti-SLAPP Motion and Motion to Strike Defendants' Affirmative Defenses. Dkt. No. 23. Monster prevailed on the Anti-SLAPP portion of that motion, prevailed in part on the motion to strike portion of that motion, and the Court found Monster was entitled to an award of attorneys' fees. Dkt. No. 31. The parties then jointly briefed the attorneys' fees request. Dkt. No. 41.

FIGHT MONSTERS on their beverage labels and promotional materials to refer to all sorts of "monsters" that exist in the world as part of a "call to action." (SUF ¶¶ 12, 23, 24.) Indeed, as Mr. Norberg admits in his August 9, 2019 Declaration filed with Defendants' Opposition: (1) "FIGHT MONSTERS" is purportedly Defendants' campaign slogan against social injustice; and (2) he purportedly chose the word "MONSTERS" as the plural form of the **noun** "MONSTER" (**not** a reference to Monster Energy or its products):

> "FIGHT MONSTERS" has ultimately become a larger **campaign against social injustice**, which directly results from the exploitation of power. This is why I donate 10% of Thunder Beast profits to **causes that fight monsters of all types**, thus far including human trafficking, child abuse, sexual assault, and animal abuse.
>
> * * *
>
> ***Thunder Beast is using the "FIGHT MONSTERS" slogan to oppose injustice. And I chose the word "MONSTERS" as the plural form of the noun "MONSTER" because this word is filled with a vast array of monsters that come in many different shapes and sizes.*** And although ***the word "MONSTERS" means something different to each person in light of their own personal struggles*** and fears, I believe that if we stand together we actually can overcome the bullies and injustices in our world.

Dkt. No. 56-1 at ¶¶ 11 and 14 (emphases added).[3] These statements further demonstrate that Defendants' use of FIGHT MONSTERS does not constitute nominative fair use because, as Defendants admit, it is purportedly not a reference to Monster Energy or its products. *See, e.g., Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150-51 (9th Cir. 2002) (nominative fair use occurs where the "defendant has used the plaintiff's mark to describe the *plaintiff's* product.")

---

[3] Further demonstrating that the word "MONSTERS" is purportedly not a reference to identify Monster Energy or its products, Mr. Norberg admitted at his deposition that "FIGHT MONSTERS" purports to identify "a broader class of things that I think are wrong" and "is really all about what the concept of monster conjures up…." Dkt. No. 56-2 (Exhibit C) at 249:6–250:14.

(internal quotation marks omitted) (emphasis in original); *E.S.S Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1098–1099 (9th Cir. 2008) (nominative fair use defense inaplicable where the use of the mark at issue did not refer to plaintiff *per se*). Defendants' reliance on references to this lawsuit on their website (Dkt. No. 56-2 (Exhibit B)), which are not at issue here, also does not change the admitted fact that FIGHT MONSTERS on Defendants' beverage labels allegedly does not refer to Monster Energy.

Apparently now realizing that a nominative fair use defense requires Defendants to prove they are using **Monster's mark to refer to Monster**, Defendants submit new testimony from Mr. Norberg which contradicts his deposition testimony. For example, despite admitting in his deposition that FIGHT MONSTERS is **not** intended to be a reference to Monster Energy (SUF ¶ 25), Mr. Norberg now contradicts that testimony by stating in his declaration that "the 'MONSTER' in my 'FIGHT MONSTERS' slogan began as a reference to Monster Energy." Dkt. No. 56-1 at ¶ 8. Mr. Norberg goes on to contradict himself in the same declaration: "I chose the word 'MONSTERS' as the <u>plural form of the *noun* 'MONSTER' because this world is filled with a vast array of monsters</u> that come in many different shapes and sizes." Dkt. No. 56-1 at 14 (emphases added). Defendants cannot create an issue of fact precluding summary judgment by introducing an affidavit that is not only internally inconsistent, but also contradicts the affiant's prior testimony. *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (comparing prior deposition testimony to affidavit).

Moreover, even if "FIGHT MONSTERS" allegedly "began" as a reference to Monster Energy as Defendants now belatedly contend, that evidence is unavailing because Defendants admit that is no longer the case. Specifically, as noted above, Defendants admit that FIGHT MONSTERS is purportedly a campaign slogan to oppose injustice. *See* Dkt. No. 56-1 at, *e.g.*,

-3-

¶¶ 11 and 14. Such use, which refers to Defendants' own purported campaign and not to Plaintiff, is not fair use. *See*, *e.g.*, *Align Technology, Inc. v. Strauss Diamond Instruments, Inc.*, No. 18-cv-06663-TSH, 2019 WL 1586776, at *5-6 (N.D. Cal. Apr. 12, 2019) (finding no fair use where defendant used the marks at issue to refer to its own products instead of the plaintiff's product).

Defendants argue that they "are unaware of any case law, and Plaintiff has not pointed to any, that requires the 'naming' of a trademark owner to be exclusive in order for nominative fair use to be established." Dkt. No. 56 at 11, fn. 4. However, the cases cited by Monster make clear that nominative fair use is predicated upon using the trademark owner's mark to specifically identify the trademark owner or its products. *See, e.g., Cairns*, 292 F.3d at 1152–53 (use of Princess Diana's name and likeness to describe Princess Diana); *Warner Bros. Entm't, v. Glob. Asylum, Inc.*, CV12-9547-PSG, 2012 WL 6951315, at *1, 19 (nominative fair use did not apply where defendant did not intend its uses of the term "Hobbit" in a film title to refer to plaintiff's Hobbit marks, but rather to the species, which was given the nickname "hobbits"), *aff'd sub nom.*, 544 Fed. App'x 683 (9th Cir. 2013); *Align Technology, Inc.*, 2019 WL 1586776, at *5-7 ("[i]t is not credible to view the hashtags containing [plaintiff's] marks as referring to [plaintiff's] products (**the foundational assumption of nominative fair use**) and the other hashtags as referring to [defendant's product]") (emphasis added); *AVCO Corp. v. Turn and Bank Holdings*, LLC, No. 4:12-cv-01313, 2018 WL 1706359, at *10 (accused infringer's use of trademark owner's marks was not fair use because marks were used to directly label accused infringer's own products and not to describe or refer to trademark owner's products). As also cited in Monster's opening brief, Professor McCarthy explains that the fair use defense is applicable when the Plaintiff's mark is being used to refer to the Plaintiff or its products:

/ / /

> "Some examples of hypothetical uses that might qualify as a 'nominative fair use' are: comparative advertising (e.g., 'Our ZETA gizmos last longer than ALPHA gizmos.'); independent repair facilities (e.g., 'We repair MERCEDES vehicles.'); independent retailers (e.g., 'We sell genuine GLUGMORE plumbing parts.')."

1 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 4:17 (5th ed.). The fair use cases cited by Defendants hold the same. *See Toyota Motors Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1175 (9th Cir. 2010) ("The Tabaris are using the term Lexus to describe their business of brokering Lexus automobiles; **when they say Lexus, they mean Lexus**. We've long held that such use of the trademark is a fair use, namely nominative fair use.") (emphasis added); *New Kids on the Block v. News Am. Publ'g, Inc.* 971 F.2d 302, 308 (9th Cir. 1992) ("[T]he New Kids trademark is used to refer to the New Kids themselves.").

Last, the cases cited by Defendants also do not support their assertion that "Federal courts, including those in the Ninth Circuit, have a long history of disfavoring summary judgment in trademark cases in particular, including on the issue of fair use." Dkt. No. 56 at 7 (emphasis in original). The *Worldwide Church of God v. Phila. Church of God, Inc.*, 227 F.3d 1110, 1115 (9th Cir. 2000), *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 530 (9th Cir. 2008), and *Hustler Magazine Inc. v. Moral Majority Inc.* 796 F.2d 1148, 1151 (9th Cir. 1986) cases cited by Defendants are all **copyright** cases, which involve a different fair use analysis. Moreover, in *Leadsinger*, the Ninth Circuit affirmed the district court's dismissal of the fair use issue at the motion to dismiss stage—not summary judgment—and did so because the allegations did **not** support a finding of fair use. *Leadsinger, Inc.*, 512 F.3d at 530. Similarly, *Electronic Arts, Inc. v. Textron Inc.*, 103 U.S.P.Q.2d 1984, 2012 WL 3042668 (N.D. Cal. 2012) concerned a motion to dismiss, not summary judgment.

/ / /

### III. DEFENDANTS' FIRST AMENDMENT ARGUMENT DOES NOT PRECLUDE SUMMARY JUDGMENT

Failing to raise any genuine dispute of material fact that would defeat Monster's motion, Defendants attempt to boot strap the First Amendment to their fair use defense. Dkt. No. 56 at 13-15. Defendants' attempt is unavailing.

Defendants confuse their nominative fair use defense with a separate line of cases regarding the use of trademarks in connection with works of ***artistic expression***. *See* Dkt. No. 56 at 13-14 (citing *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) and William McGeveran, *Rethinking Trademark Fair Use*, 94 IOWA L. REV. 49, 98 (2008)). Under the *Rogers* line of cases, "an ***artistic work's*** use of a trademark that would otherwise violate the Lanham Act is not actionable" unless the use of the mark "has no artistic relevance to the underlying work whatsoever" or it has some artistic relevance but "explicitly misleads as to the source or the content of the work." *E.S.S. Entm't 2000*, 547 F.3d at 1100 (emphasis added).

In order for the *Rogers* test to apply, Defendants must make a threshold legal showing that their alleged infringing use is part of an expressive work protected by the First Amendment. *Gordan v. Drape Creative, Inc.*, 909 F.3d 257, 264 (9th Cir. 2018). Defendants do not even attempt to make such a showing. Indeed, the *Rogers* test is not applicable here because Defendants use FIGHT MONSTERS as a mark on their beverage labels—not in connection with an artistic work. *See Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894 at 901 (9th Cir. 2010) ("If a pair of dancing shoes had been labeled Ginger and Fred, a dancer might have suspected that Rogers was associated with the shoes . . . . But *Ginger and Fred* was not a brand of shoe; it was the title of a movie and . . . deserved to be treated differently."); *cf. Rogers*, 875 F.2d at 997 ("Movies, plays, books, and songs are all indisputably works of artistic expression and deserve protection.").

Defendants' reliance on *Brach Van Houten Holding, Inc. v. Save Brach's Coalition for Chicago*, 856 F. Supp. 472 (N.D. Ill. 1994) is equally misplaced. That case did not address a fair use defense, and is inapplicable here.

### IV. CONCLUSION

For the above reasons, Monster requests that the Court grant summary judgment in favor of Monster on Defendants' fair use defense.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 16, 2019     By: */s/ Marko R. Zoretic*
                                Steven J. Nataupsky
                                Lynda J. Zadra-Symes
                                Matthew S. Bellinger
                                Marko R. Zoretic

Attorneys for Plaintiff,
MONSTER ENERGY COMPANY

31117643